# Exhibit A

Entered: May 26th, 2026
Signed: May 24th, 2026



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

## DENIED

The Debtor filed this motion 35 days after entry of the subject orders, and the BNC Certificates of Mailing confirm that they were served on the Debtor at his address of record. Therefore, the Court finds the motion untimely. Moreover, under the "functional test," the Court had jurisdiction to consider the six motions. See Green v. 1900 Cap. Tr. II by U.S. Bank Tr. Natl Assn, 619 B.R. 121, 134 (D. Md. 2020) (citing Bank of N.Y. Tr. Co. v. Pac. Lumber Co. (In re Scopac), 624 F.3d 274, 280 (5th Cir. 2010)), affd sub. nom. Green v. Shellpoint Mortg. Servicing, 834 F. Appx 18 (4th Cir. 2021).



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,    Case No. 15/26033-MCR
                     (Chapter 7)
Debtor.

_____

BRIAN KING, et al.,

Plaintiffs,

v.                   Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

Defendant.

_____

**DEBTOR'S OMNIBUS PROTECTIVE MOTION FOR EXTENSION OF TIME TO APPEAL APRIL 15, 2026 ORDERS, TO VACATE ORDERS AS VOID, OR ALTERNATIVELY FOR INDICATIVE RULING UNDER RULE 8008**

Debtor Gregory B. Myers, pro se, files this Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008 (the "Motion"), and states as follows:

**I. INTRODUCTION**

1. On April 15, 2026, this Court entered six orders in the captioned adversary proceeding (the "Adversary Proceeding") at Docket Nos. 116, 117, 118, 119, 120, and 121 (collectively, the "Orders").

2. Those Orders are:

a. **Docket No. 116** — Order Denying Motion to Intervene in Adversary Proceeding;

1

34

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

In re:

GREGORY B. MYERS,

    Debtor.

_____/

BRIAN KING, *et al.*,

    Plaintiffs,

v.

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.

_____/

Case No.  15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

## <u>NOTICE OF APPEAL</u>

GREGORY B. MYERS appeals to the United States District Court for the District of Maryland from the May 26, 2026 order (Doc 131) entered by the United States Bankruptcy Court for the District of Maryland in Adversary Case No. 24-00007, a copy of which is attached hereto as **Exhibit A.**

The parties to this appeal are as follows:

**Appellant:** Gregory B. Myers
**Appellee:** Roger Schlossberg, Chapter 7 Trustee
**Appellee:** Brina King
**Appellee:** Cristina King
**Appellee:** Cristina and Brian King Children's Trust

Dated: June 1, 2026

    Respectfully submitted,

    Gregory B. Myers, *pro se*

1

District Judge Theodore D. Chuang.

8. Accordingly, Debtor does not concede that the April 15, 2026 Orders are valid, final, appealable, effective, or capable of becoming final through failure to appeal.

9. This Motion is filed protectively and without waiver of Debtor's position that the April 15, 2026 Orders are void ab initio.

10. To avoid any contention that Debtor was required to file a separate appeal from orders Debtor contends are void, Debtor requests, in the alternative and without waiver, an extension of time to appeal the April 15, 2026 Orders under Federal Rule of Bankruptcy Procedure 8002(d).

11. Debtor further requests that the Court vacate the April 15, 2026 Orders as void under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(4).

12. Alternatively, if this Court concludes that the pending District Court appeals deprive it of authority to grant vacatur, Debtor requests an indicative ruling under Federal Rule of Bankruptcy Procedure 8008 that this Motion raises a substantial issue and/or that the Court would grant relief if the District Court remands for that purpose.

## II. RELEVANT PROCEDURAL BACKGROUND

13. The Adversary Proceeding, Adv. Proc. No. 24-00007-MCR, was filed by Brian King, Cristina King, and the Cristina and Brian King Children's Trust against Roger Schlossberg, Chapter 7 Trustee.

14. The Adversary Proceeding concerns, among other things, alleged rights and interests relating to 6789 Goldsboro LLC ("Goldsboro"), Serv Trust, and/or property that Debtor contends is not property of Debtor's bankruptcy estate in Case No. 15-26033.

15. On or about December 11, 2023, this Court entered orders including, without limitation,

3

the *Order Granting Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* (Doc. 1029) (the "**Settlement Procedures Order**") and related orders in Case No. 15-26033 (the main bankruptcy case) and/or the Adversary Proceeding.

16. On or about July 3, 2025, this Court entered an *Order Approving Trustee's Compromise and Settlement with King Parties* (Case 24-00007; Doc 61) (the "**Settlement Order**").

17. Debtor appealed, or otherwise sought District Court review of, orders arising from or relating to the Adversary Proceeding and the settlement/adjudicatory structure. Those appeals are pending before Judge Theodore D. Chuang in the United States District Court for the District of Maryland.

18. The pending appeals before the United States District Court for the District of Maryland include, without limitation: Case Nos. 25-02103-TDC, 25-02337-TDC, 25-02635-TDC, 25-02042-TDC, 25-02338-TDC, and such other related appeals as may be consolidated with or related to the foregoing.

19. The issues pending before the District Court include, among other things, whether the bankruptcy court had jurisdiction and authority to approve, effectuate, or structure relief in the main case and the subject Adversary Proceeding affecting alleged non-estate property and/or the rights of non-debtor parties.

20. While those appellate proceedings were pending, this Court entered the April 15, 2026 Orders at Docket Nos. 116 through 121 in this Adversary Proceeding.

21. The April 15, 2026 Orders were entered after this Court signed them on April 14, 2026.

22. Debtor did not receive or did not become aware of the April 15, 2026 Orders until on or about May 13, 2026.

4

23. Debtor promptly files this Motion after discovering the April 15, 2026 Orders.

## III. THE APRIL 15, 2026 ORDERS AT ISSUE

### A. Docket No. 116 — Order Denying Motion to Intervene

24. At Docket No. 116, this Court denied Debtor's Motion to Intervene in this Adversary Proceeding.

25. The order states that the motion was denied "for the reasons stated in the Trustee's opposition at Dkt. No. 68."

26. Debtor's right to intervene in the Adversary Proceeding is directly tied to the issues pending on appeal because Debtor contends the Adversary Proceeding was used to affect, settle, transfer, compromise, or adjudicate rights involving Goldsboro, Serv Trust, and/or property that Debtor contends is not property of Debtor's bankruptcy estate in Case No. 15-26033

27. The question whether Debtor could intervene in the Adversary Proceeding was not collateral to the pending appeals. It went directly to who may be heard in the Adversary Proceeding and whether the Adversary Proceeding could proceed in the absence of the affected parties.

28. A copy of Docket No. 116 — Order Denying Motion to Intervene is attached hereto as Exhibit A.

### B. Docket No. 117 — Order Denying Motion to Dismiss for Failure to Join Indispensable Party

29. At Docket No. 117, this Court denied Debtor's Motion to Dismiss for Failure to Join Indispensable Party.

30. The order states that the motion was denied "for the reasons stated in the Trustee's opposition at Dkt. No. 69."

31. The indispensable-party issue is directly tied to the pending appeals because Debtor

contends the adversary proceeding and settlement structure improperly affected rights of Serv Trust, 6789 Goldsboro LLC, and/or other non-debtor parties without their presence.

32. Whether indispensable parties were absent goes to the structural validity of the adversary proceeding and the bankruptcy court's authority to enter or approve relief affecting alleged non-estate property.

33. A copy of Docket No. 117 — Order Denying Motion to Dismiss for Failure to Join Indispensable Party is attached hereto as **Exhibit B**.

**C. Docket No. 118 — Order Denying Motion to Disqualify Judge**

34. At Docket No. 118, this Court denied Debtor's Motion to Disqualify Judge Maria Ellena Chavez-Ruark.

35. The order states that the motion was denied "for the reasons stated in the Trustee's opposition at Dkt. No. 72."

36. The disqualification motion was not a free-standing collateral matter unrelated to the pending appeals.

37. It concerned the bankruptcy judge's continued authority to preside over the same adversary proceeding whose orders, structure, jurisdictional predicates, and settlement-related rulings were already pending before the District Court.

38. Because disqualification goes to the judge's authority to preside, the Court could not proceed to hear and determine substantive adversary matters without first addressing it.

39. But the necessity of resolving disqualification did not restore jurisdiction over matters divested by the pending appeals.

40. A copy of Docket No. 118 — Order Denying Motion to Disqualify Judge is attached hereto as **Exhibit C**.

**D. Docket No. 119 — Order Denying Debtor's Motion to Disqualify Counsel.**

41. At Docket No. 119, this Court denied Debtor's Motion to Disqualify Counsel.

42. The order states that the motion was denied "for the reasons stated in the King Parties' opposition at Dkt. No. 67."

43. The counsel-disqualification issue was likewise tied to the Adversary Proceeding, the settlement structure, the role of the King Parties, and counsel's continued participation in proceedings affecting matters already before the District Court.

44. To the extent the Court treated Docket No. 119 as clearing the way for continued adjudication of appealed adversary issues, the order exceeded the Court's residual jurisdiction.

45. A copy of Docket No. 119 — Order Denying Debtor's Motion to Disqualify Counsel is attached hereto as **Exhibit D**.

**E. Docket No. 120 — Order Denying Second Motion to Disqualify Judge**

46. At Docket No. 120, this Court denied Debtor's Second Motion to Disqualify Judge Maria Ellena Chavez-Ruark.

47. The order states that the motion was denied "for the reasons stated in the Trustee's opposition at Dkt. No. 74."

48. For the same reasons set forth above as to Docket No. 118, Docket No. 120 concerned the bankruptcy judge's continued authority to preside over the same adversary proceeding whose operative issues were already before the District Court.

49. A copy of Docket No. 120 — Order Denying Second Motion to Disqualify Judge is attached hereto as **Exhibit E**.

**F. Docket No. 121 — Order Denying Motion for Summary Judgment**

50. At Docket No. 121, this Court denied Debtor's "Motion for Final Summary Judgment as

to Count I of Third Party Complaint and Demand for Jury Trial."

51. The order states: "The Court denied the Debtor's motion to intervene. Therefore, the Debtor's motion for summary judgment is denied."

52. Docket No. 121 issues are not collateral, ministerial, or administrative.

53. It is a merits-related order denying dispositive relief.

54. It is also derivative of Docket No. 116 because the Court denied summary judgment solely because it had denied intervention.

55. If Docket No. 116 was entered without jurisdiction, then Docket No. 121 necessarily falls with it.

56. A copy of Docket No. 121 — Order Denying Motion for Summary Judgment is attached hereto as **Exhibit F**.

## IV. THE APRIL 15, 2026 ORDERS WERE ENTERED WITHOUT JURISDICTION UNDER GRIGGS

57. In *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), the Supreme Court held that a notice of appeal is an event of jurisdictional significance.

58. Upon filing of a notice of appeal, jurisdiction over the matters involved in the appeal transfers to the appellate court, and the lower court is divested of control over those aspects of the case involved in the appeal.

59. The purpose of the *Griggs* rule is to prevent two courts from exercising simultaneous control over the same case or same issues.

60. The *Griggs* divestiture rule applies in bankruptcy appeals.

61. A bankruptcy court may retain jurisdiction over matters that are collateral, administrative, ministerial, or unrelated to the appealed issues.

62. But the bankruptcy court may not enter orders that alter, modify, supplement, adjudicate,

or interfere with matters involved in the appeal.

63. Here, the April 15, 2026 orders were entered in the same adversary proceeding already involved in the pending District Court appeals.

64. They did not merely preserve the status quo.

65. They did not merely perform administrative docket management.

66. They decided who could participate in the Adversary Proceeding.

67. They decided whether the Adversary Proceeding could proceed despite alleged failure to join indispensable parties.

68. They decided whether the presiding judge and counsel could continue in the Adversary Proceeding.

69. They denied dispositive relief.

70. They directly affected the structure, jurisdictional integrity, party status, and merits posture of the Adversary Proceeding.

71. These are precisely the types of issues that the bankruptcy court lacked jurisdiction to decide once the relevant aspects of the Adversary Proceeding were before the District Court.

72. Because the April 15, 2026 Orders were entered without jurisdiction, they are void, ineffective, and not entitled to preclusive, law-of-the-case, finality, or waiver effect.

## V. THE DISQUALIFICATION ORDERS DO NOT CURE THE JURISDICTIONAL DEFECT

73. Debtor recognizes that a judge ordinarily must address a motion seeking her disqualification before presiding over further substantive proceedings.

74. That principle does not cure the jurisdictional problem here.

75. The disqualification motions were tied to the same adversary proceeding and same adjudicatory structure already before the District Court.

76. If this Court concluded that disqualification had to be addressed before further proceedings, the proper course was to refrain from conducting further proceedings affecting appealed matters unless and until jurisdiction was restored or clarified.

77. The Court could not use its own denial of disqualification as a jurisdictional bridge to proceed to adjudicate intervention, indispensable-party objections, counsel disqualification, and summary judgment in the appealed adversary proceeding.

78. The necessity of addressing disqualification before further proceedings therefore confirms rather than defeats Debtor's position.

79. It demonstrates that the April 15, 2026 hearing and Orders were not collateral housekeeping matters.

80. They were part of the same adversary proceeding and same appealed controversy.

## VI. THE ORDERS SHOULD BE VACATED AS VOID UNDER RULE 9024 AND RULE 60(b)(4)

81. Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 in bankruptcy cases, subject to limitations not applicable here.

82. Federal Rule of Civil Procedure 60(b)(4) authorizes relief from a judgment or order that is void.

83. An order entered by a court lacking jurisdiction is void.

84. Because this Court lacked jurisdiction to enter the Orders at Docket Nos. 116 through 121 while the relevant aspects of this Adversary Proceeding were pending before the District Court, those Orders should be vacated as void.

85. Debtor therefore requests that the Court vacate the Orders at Docket Nos. 116, 117, 118, 119, 120 and 121.

## VII. ALTERNATIVELY, THE COURT SHOULD ISSUE AN INDICATIVE RULING UNDER RULE 8008

86. Federal Rule of Bankruptcy Procedure 8008 applies when a party files a motion in the bankruptcy court for relief that the bankruptcy court lacks authority to grant because an appeal is pending.

87. Under Rule 8008, the bankruptcy court may:

   a. defer considering the motion;

   b. deny the motion;

   c. state that it would grant the motion if the court where the appeal is pending remands for that purpose; or

   d. state that the motion raises a substantial issue.

88. If this Court concludes that the pending District Court appeals deprive it of authority to vacate the April 15, 2026 Orders outright, Debtor requests an indicative ruling under Rule 8008.

89. Specifically, Debtor requests that the Court state that this Motion raises a substantial issue and/or that the Court would grant the Motion and vacate the Orders at Docket Nos. 116 through 121 if the District Court remands for that purpose.

90. Such an indicative ruling would permit Debtor to seek appropriate relief from the District Court without waiver of Debtor's position that the April 15, 2026 Orders are void.

## VIII. PROTECTIVE REQUEST FOR EXTENSION OF TIME TO APPEAL UNDER RULE 8002(d)

91. Debtor does not concede that a separate appeal was required from the April 15, 2026 Orders.

92. Debtor's position is that those orders are void and incapable of becoming valid merely because no separate notice of appeal was filed within 14 days.

93. Nevertheless, to avoid any contention that Debtor forfeited appellate review if a reviewing court later determines that a separate appeal was required, Debtor requests a protective

extension of time under Federal Rule of Bankruptcy Procedure 8002(d).

94. The April 15, 2026 orders were entered on April 15, 2026.

95. The ordinary 14-day deadline under Rule 8002(a) expired on April 29, 2026.

96. Under Rule 8002(d), this Court may extend the time to appeal upon a motion filed within 21 days after expiration of the original appeal deadline, upon a showing of excusable neglect.

97. Twenty-one days after April 29, 2026 is May 20, 2026.

98. This Motion is therefore timely under Rule 8002(d), provided it is filed on or before May 20, 2026.

99. Excusable neglect exists.

100. First, Debtor did not discover the April 15, 2026 Orders until on or about May 13, 2026.

101. Second, the April 15, 2026 Orders were entered while the relevant aspects of this Adversary Proceeding were already pending before the District Court.

102. Third, Debtor reasonably believed, and continues to believe, that this Court lacked jurisdiction to enter substantive orders affecting the appealed adversary proceeding.

103. Fourth, Debtor acted promptly upon discovering the April 15, 2026 Orders.

104. Fifth, no party can claim unfair prejudice from a protective extension of time where the April 15, 2026 Orders were entered in the same adversary proceeding already involved in pending appellate proceedings.

105. Sixth, the question whether the bankruptcy court had jurisdiction to enter the April 15, 2026 Orders is a substantial jurisdictional issue, not a tactical delay.

106. Accordingly, if any separate appeal was required, Debtor respectfully requests an extension of time to file a notice of appeal from the Orders at Docket Nos. 116, 117, 118, 119, 120, and 121.

107. This request is made protectively and without waiver of Debtor's position that the April 15, 2026 Orders are void.

## IX. NO WAIVER

108. Nothing in this Motion shall be construed as a concession that:

a. the April 15, 2026 Orders are valid;

b. the April 15, 2026 Orders are final;

c. the April 15, 2026 Orders are appealable;

d. a separate appeal was required;

e. this Court had jurisdiction to enter the April 15, 2026 Orders;

f. Debtor was required to seek relief in this Court rather than in the District Court;

g. Debtor waived any issue pending before the District Court; or

h. Debtor waived any argument that the April 15, 2026 Orders are void, ineffective, or without preclusive effect.

109. This Motion is filed solely to preserve Debtor's rights and to prevent the Trustee, the King Parties, or any other party from later arguing that Debtor acquiesced in orders entered without jurisdiction.

## X. REQUEST FOR RELIEF

**WHEREFORE**, Debtor Gregory B. Myers respectfully requests that this Court enter an order:

(i) Granting Debtor a protective extension of time under Federal Rule of Bankruptcy Procedure 8002(d) to appeal the April 15, 2026 Orders entered at Docket Nos. 116, 117, 118, 119, 120, and 121;

(ii) Vacating the Orders at Docket Nos. 116, 117, 118, 119, 120, and 121 as void under

Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(4);

(iii) Alternatively, if the Court concludes it lacks authority to vacate the April 15, 2026 Orders because of the pending District Court appeals, issuing an indicative ruling under Federal Rule of Bankruptcy Procedure 8008 stating that this Motion raises a substantial issue and/or that the Court would grant the Motion upon remand from the District Court;

(iv) Confirming that Debtor's filing of this protective Motion does not waive Debtor's position that the April 15, 2026 Orders are void ab initio and that no separate appeal was required; and

(v) Granting such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED on May 20, 2026.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

14

## DECLARATION OF GREGORY B. MYERS IN SUPPORT OF
## DEBTOR'S OMNIBUS PROTECTIVE MOTION

I, Gregory B. Myers, declare under penalty of perjury as follows:

1. I am the Debtor in Bankruptcy Case No. 15-26033-MCR and a party-in-interest in matters relating to Adv. Proc. No. 24-00007-MCR.

2. I submit this declaration in support of Debtor's Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008.

3. On or about May 13, 2026, I discovered that the Bankruptcy Court had entered six orders on April 15, 2026 in Adv. Proc. No. 24-00007-MCR at Docket Nos. 116, 117, 118, 119, 120, and 121 (collectively, the "Orders").

4. Before discovering those Orders, I was unaware that the Bankruptcy Court had entered them.

5. At the time the April 15, 2026 Orders were entered, the relevant aspects of Adv. Proc. No. 24-00007-MCR and related bankruptcy orders were already pending on appeal before the United States District Court for the District of Maryland.

6. I believed, and continue to believe, that the Bankruptcy Court (Ruark, J) lacked jurisdiction to enter substantive orders affecting the appealed adversary proceeding while those appeals were pending.

7. Upon discovering the April 15, 2026 orders, I acted promptly to prepare and file the accompanying protective motion.

8. This declaration is made based on my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2026.

Gregory B. Myers

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2026, the foregoing Motion, together with all

exhibits, was filed with the Clerk of the Bankruptcy Court and a true and correct copy of same

was served upon all parties registered to receive service by CM/ECF, including the following:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012



Gregory B. Myers, *pro se*