Case No.: 8:26-cv-02175-TDC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

GREGORY B. MYERS,

*Appellant*,

v.

ROGER SCHLOSSBERG, ET AL.,

*Appellees*.

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

# APPELLANT GREGORY B. MYERS'S OPENING BRIEF

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida  34102
(301) 325-2312
*gregbmyers@verizon.net*

July 27, 2026

# TABLE OF CONTENTS

| | Page |
|---|---|
| JURISDICTIONAL STATEMENT | 1 |
| STATEMENT OF THE ISSUES | 2 |
| STANDARD OF REVIEW | 4 |
| STATEMENT OF THE CASE | 5 |
| SUMMARY OF ARGUMENT | 12 |
| ARGUMENT | 14 |
| I. The May 20, 2026 motion was timely under Rule 8002(d). | 14 |
| II. The Bankruptcy Court abused its discretion and committed legal error by failing to conduct the required excusable-neglect analysis. | 16 |
| III. The Bankruptcy Court separately erred by failing to meaningfully address Rule 9024 / Rule 60(b)(4) and Rule 8008. | 17 |
| IV. The April 15 orders were not collateral housekeeping orders; under Griggs and the functional test, they concerned the same adversary proceeding and appealed aspects already before this Court. | 19 |
| V. The appropriate relief is reversal, remand, or limited abeyance. | 24 |
| CONCLUSION | 26 |
| CERTIFICATE OF COMPLIANCE | 27 |
| CERTIFICATE OF SERVICE | 28 |

# TABLE OF AUTHORITIES

**Cases**

Page(s)

Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396 (4th Cir. 1992) ... 4

Green v. 1900 Capital Trust II by U.S. Bank Trust National Association, 619 B.R. 121 (D. Md. 2020) ... 18

Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) ... 3, 4, 10, 12-13, 18, 21, 23, 25

In re Scopac, 624 F.3d 274 (5th Cir. 2010) ... 18

Kiviti v. Bhatt, 80 F.4th 520 (4th Cir. 2023) ... 22

Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993) ... 3, 4, 10-11, 14-15, 23, 25

Wendt v. Leonard, 431 F.3d 410 (4th Cir. 2005) ... 4, 16

**Statutes**

11 U.S.C. § 541 ... 9

28 U.S.C. § 158 ... 1

**Rules**

Fed. R. Bankr. P. 8002 ... 1-4, 9-17, 23-24

Fed. R. Bankr. P. 8002(d) ... 1, 2, 9-16, 23-24

Fed. R. Bankr. P. 8008 ... 1-4, 9-12, 16-17, 23, 25

Fed. R. Bankr. P. 9024 ... 1-4, 9-12, 16-17, 23, 25

Fed. R. Civ. P. 60(b)(4) ... 1-4, 9-12, 16-17, 23, 25

## JURISDICTIONAL STATEMENT

This appeal is from the Bankruptcy Court's May 26, 2026 Order entered at Adv. Dkt. No. 131 denying Appellant Gregory B. Myers's Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008 (the "Protective Motion"). Appx. 0033-0066; Appx. 0090-0105. Appellant filed a Notice of Appeal from the May 26 Order on June 1, 2026. Appx. 0106-0124. The Bankruptcy Court transmitted the appeal to this Court. Appx. 0125.

This Court has jurisdiction under 28 U.S.C. § 158(a)(1) because the May 26 Order finally disposed of the discrete contested matter raised by the Protective Motion: whether Appellant could obtain a protective extension under Bankruptcy Rule 8002(d), whether the April 15 orders should be vacated or treated as void or ineffective under Bankruptcy Rule 9024 and Civil Rule 60(b)(4), and whether an indicative ruling should issue under Bankruptcy Rule 8008. In the alternative, to the extent the May 26 Order is deemed interlocutory, Appellant respectfully requests that this Court treat the notice of appeal and this brief as including a request for leave to appeal under 28 U.S.C. § 158(a)(3), because the appeal presents controlling legal questions concerning Rule 8002(d), excusable neglect, Rule 8008, Rule 9024, Rule 60(b)(4), and the effect of pending appeals under Griggs.

1

Nothing in this appeal concedes that the April 15, 2026 orders were valid, final, appealable, or required a separate appeal. The Protective Motion was filed to preserve Appellant's position and prevent Appellees from arguing that Appellant acquiesced in orders entered without jurisdiction or forfeited review of those orders.

## STATEMENT OF ISSUES

1. Whether the Bankruptcy Court erred as a matter of law by holding that Appellant's Rule 8002(d) motion was untimely where the motion was filed on May 20, 2026, exactly 35 days after entry of the April 15, 2026 orders, i.e., within the 14-day appeal period plus the additional 21-day excusable-neglect window provided by Rule 8002(d)(1)(B).

2. Whether the Bankruptcy Court abused its discretion or otherwise erred by failing to conduct the required excusable-neglect analysis after Appellant filed a timely Rule 8002(d) motion.

3. Whether the Bankruptcy Court erred by relying on BNC Certificates of Mailing and service at Appellant's address of record to deny relief without applying Pioneer and without considering Appellant's declaration that he did not discover the April 15 orders until May 13, 2026 and acted promptly thereafter.

4. Whether the Bankruptcy Court erred by failing to meaningfully address Appellant's separate request for relief under Bankruptcy Rule 9024 and Civil Rule 60(b)(4).

5. Whether the Bankruptcy Court erred by failing to meaningfully address Appellant's alternative request for an indicative ruling under Bankruptcy Rule 8008.

6. Whether, under Griggs and the functional test, the Bankruptcy Court lacked jurisdiction to enter the April 15 orders because the orders addressed the same adversary proceeding, same settlement architecture, same party-status issues, same indispensable-party issues, same disqualification issues, same summary-judgment issues, and same post-appeal jurisdictional sequence already involved in pending appeals.

7. Whether the May 26 Order should be reversed, vacated, or remanded with instructions to hold the Rule 8002(d) motion timely, apply the proper excusable-neglect standard, and separately consider Rule 9024 / Rule 60(b)(4) and Rule 8008.

8. Whether, to the extent this Court concludes that the Griggs, finality, preclusion, or operative-effect issues overlap with issues now before the Fourth Circuit, this appeal should be held in abeyance rather than decided in a manner that compounds or predetermines the pending Fourth Circuit appeal from this Court's June 3, 2026 ruling.

3

## STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's legal conclusions de novo and its factual findings for clear error. See Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396, 399 (4th Cir. 1992).

Whether a motion was timely under Bankruptcy Rule 8002(d) is a legal question reviewed de novo. Whether a lower court retained jurisdiction after an appeal was filed is also reviewed de novo. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

A denial of an extension of time based on excusable neglect is ordinarily reviewed for abuse of discretion. But a court abuses its discretion when it rests its ruling on an erroneous legal premise, fails to apply the governing legal standard, fails to consider the required factors, or fails to exercise discretion at all. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

A ruling under Rule 60(b)(4), made applicable by Bankruptcy Rule 9024, is reviewed de novo to the extent it turns on whether the challenged order is void for lack of jurisdiction or denial of due process. See Wendt v. Leonard, 431 F.3d 410, 412-13 (4th Cir. 2005).

The Bankruptcy Court's failure to apply Bankruptcy Rule 8008 presents a legal question reviewed de novo or, at minimum, an abuse of discretion where the court failed to recognize and exercise the discretion Rule 8008 provides.

## STATEMENT OF THE CASE

**A. The settlement-procedure chain and adversary proceeding.**

The procedural history matters because the April 15, 2026 orders were not freestanding collateral orders. They were delayed rulings on motions and issues intertwined with the same adversary proceeding and settlement sequence that produced the July 3, 2025 Settlement Order.

In 2023, the Trustee filed a main-case motion seeking approval of a proposed compromise with the King Parties. Appx. 0386-0408. Appellant moved to dismiss or strike that motion, arguing that the requested relief could not properly be awarded through motion practice. Appx. 0409-0425. The Trustee opposed. Appx. 0426-0430. Appellant replied. Appx. 0431-0434. On December 11, 2023, the Bankruptcy Court denied Appellant's motion to strike by adopting and incorporating a separate Settlement Procedures Order. Appx. 0435-0436. The Settlement Procedures Order described the relief as a "procedural mechanism" for resolving litigation and stated that, if the Trustee and King Parties reached a resolution, the Trustee would file a later motion seeking approval of the settlement

and parties in interest would receive notice and an opportunity to be heard. Appx. 0437-0457.

Thereafter, the King Parties filed Adv. Proc. No. 24-00007 against the Trustee. Appx. 0458-0465. The Complaint asserted a single declaratory claim concerning alleged redemption of Serv Trust's interest in 6789 Goldsboro LLC. Appx. 0458-0465. The Trustee answered the Complaint. Appx. 0466-0472. The parties then filed a Joint Rule 26(f) Report, and the Bankruptcy Court entered a Scheduling Order setting discovery, dispositive-motion, pretrial, and trial deadlines. Appx. 0473-0478; Appx. 0479-0481. Thus, the adversary was not merely a closed settlement vehicle; it was an active adversary proceeding with pleadings, discovery, dispositive-motion deadlines, pretrial requirements, and trial dates.

On December 30, 2024, the Trustee filed a Rule 9019 motion in the adversary proceeding seeking approval of a proposed compromise with the King Parties. Appx. 0482-0484. The Trustee's notice of proposed compromise set out the noticed settlement terms. Appx. 0485-0502. Appellant objected. Appx. 0503-0512; Appx. 0513-0592. The Trustee moved to strike Appellant's objection. Appx. 0593-0597. Appellant supplemented his objection and opposed the motion to strike. Appx. 0598-0623; Appx. 0624-0626. The Trustee replied. Appx. 0627-0630. The

6

Bankruptcy Court set an evidentiary hearing for June 30 and July 1, 2025. Appx. 0635-0636.

At the same time, Appellant filed objections in the main bankruptcy case to the King Parties' Proofs of Claim Nos. 21-1, 22-1, and 23-1. Appx. 0653-0693; Appx. 0694-0734; Appx. 0735-0775. The Bankruptcy Court later entered an order overruling those claim objections as moot, stating that the June 30 and July 1 hearing was a combined evidentiary hearing on both the claim objections and the Trustee's settlement motion, and further stating that the claims were deemed withdrawn effective when the Settlement Order became final and non-appealable. Appx. 0777-0778.

## B. Appellant's motions pending before and during the July 3 settlement sequence.

Before the Bankruptcy Court entered the July 3 Settlement Order, Appellant had already filed a Motion to Intervene in the Adversary Proceeding and a Motion to Dismiss for Failure to Join Indispensable Party. Appx. 0126-0139; Appx. 0149-0212. The deficiency notices relating to those motions were entered with later cure deadlines. Appx. 0140; Appx. 0213. The Bankruptcy Court expressly acknowledged those motions at the June 30 hearing. The court stated that the motion to intervene and motion to dismiss had been filed after business hours on Friday and had been "just docketed literally just moments ago." Appx. 0779-0783.

7

The court then stated that it would not consider the motion to intervene or the motion to dismiss "today." Appx. 0782-0783.

Appellant also filed a motion to disqualify the Bankruptcy Judge, a motion to disqualify counsel, a second motion to disqualify the Bankruptcy Judge, and a motion for summary judgment. Appx. 0217-0236; Appx. 0244-0329; Appx. 0348-0361; Appx. 0367-0379. The July 1 hearing excerpts show that the same hearing sequence included party-status, Rule 19, disqualification, counsel-conflict, proof-of-claim, estate-property, and finality issues. Appx. 0789-0828. For example, the transcript includes discussion of Appellant's status as a party in interest rather than a party to the adversary, the court's handling of the June 27 motion to dismiss materials, disqualification and conflict issues, the King Parties' proofs of claim, the court's statements that it was approving a settlement of whatever rights the estate may have rather than determining the estate's interest, and preservation of Kiviti/finality arguments. Appx. 0791-0805; Appx. 0806-0828.

**C. The July 3 ruling and subsequent dismissal of the adversary action.**

On July 3, 2025, the Bankruptcy Court gave an oral ruling. Appx. 0829-0873. The court stated that the Trustee's motion to approve settlement and the claim objections were before it, that the settlement motion would be granted, and that the claim objections would be overruled as moot because the claims were being withdrawn in connection with the settlement. Appx. 0831-0833.

8

The court's oral ruling described the proposed settlement as including four terms. Appx. 0842-0843. Critically, the court stated that the King Parties and Trustee were not asking the court to determine that the Debtor was the alter ego of Serv Trust, that Serv Trust assets were property of the bankruptcy estate, or that the Trustee had authority to administer Serv Trust assets. Appx. 0842-0843. The court also stated that the fourth term - withdrawal of the King Parties' three proofs of claim in the main case - was added at the beginning of the hearing and was not included in the Trustee's settlement motion. Appx. 0843.

The written July 3 Settlement Order approved the compromise. Appx. 0648-0650. The same day, the Bankruptcy Court entered the order overruling the claim objections as moot. Appx. 0777-0778. Then, on August 5, 2025, the King Parties and Trustee filed a Notice of Stipulated Dismissal in the adversary proceeding with prejudice. Appx. 0651-0652.

**D. The April 15 orders.**

On April 15, 2026, while the prior settlement appeals were pending before this Court, the Bankruptcy Court entered six orders in Adv. Proc. No. 24-00007: (1) an order denying Appellant's Motion to Intervene; (2) an order denying Appellant's Motion to Dismiss for Failure to Join Indispensable Party; (3) an order denying Appellant's Motion to Disqualify Judge; (4) an order denying Appellant's Motion to Disqualify Counsel; (5) an order denying Appellant's Second Motion to

Disqualify Judge; and (6) an order denying Appellant's Motion for Summary Judgment. Appx. 0021-0032.

Those April 15 orders relied on responses filed by the Trustee and King Parties. Appx. 0141-0148; Appx. 0214-0216; Appx. 0238-0243; Appx. 0330-0347; Appx. 0363-0366; Appx. 0380-0385. The summary-judgment order was derivative of the intervention order. Appx. 0031-0032.

**E. Appellant's May 20 Protective Motion and the May 26 Order.**

Appellant discovered the April 15 orders on or about May 13, 2026 and filed the Protective Motion on May 20, 2026. Appx. 0033-0066. The Protective Motion requested three forms of relief: a protective extension of time to appeal under Rule 8002(d); vacatur or other relief from the April 15 orders as void or ineffective under Rule 9024 and Rule 60(b)(4); and, alternatively, an indicative ruling under Rule 8008. Appx. 0033-0066.

On May 26, 2026, the Bankruptcy Court denied the Protective Motion. Appx. 0090-0105. The current adversary docket summarizes the May 26 Order as holding that the motion was untimely because it was filed 35 days after entry of the subject orders and because BNC Certificates of Mailing confirmed service at Appellant's address of record. Appx. 0005. The docket also reflects the Bankruptcy Court's statement that, under the functional test, it had jurisdiction to consider the six motions. Appx. 0005. The May 26 Order did not conduct a Pioneer excusable-

10

neglect analysis, did not separately analyze Rule 9024 or Rule 60(b)(4), and did not meaningfully address Rule 8008. Appx. 0090-0105.

The current adversary docket also reflects that mail sent to Appellant concerning several of the April 15 orders and the May 26 order was later returned as undeliverable. Appx. 0002. At minimum, that later docket entry confirms why BNC mailing certificates were not a substitute for an actual excusable-neglect analysis.

**F. Related district-court proceedings.**

On June 3, 2026, this Court entered a Memorandum Opinion and Order in related appeals from the July 3 Settlement Order and related bankruptcy orders. Appx. 0874-0896. This Court affirmed the bankruptcy orders in the settlement appeals. Appx. 0895-0896. The Court later denied rehearing. Appx. 0897-0898. Appellant has appealed the June 3 ruling and the June 29 rehearing denial to the Fourth Circuit.

Appellant also filed an amended motion for stay pending appeal, requesting that the effect and enforceability of the June 3 ruling be stayed pending Fourth Circuit review or, at minimum, until this Court resolves this appeal concerning the later April 15 orders in the same adversary proceeding. Appx. 0899-0925. The Trustee opposed that stay request and asserted, among other things, that the settlement had been consummated and that this Court had already concluded that

11

the July 3 Settlement Order transferred only the right, title, and interest of the Trustee, Debtor, and estate. Appx. 0926-0931. Appellant is filing a reply in the stay proceedings concurrently with this brief. This appeal, however, is from the May 26 Order and asks this Court to correct the Rule 8002(d), excusable-neglect, Rule 9024 / Rule 60(b)(4), Rule 8008, and Griggs errors in that order.

## SUMMARY OF ARGUMENT

The May 26 Order should be reversed for a simple threshold reason: Appellant's May 20 Protective Motion was timely under Rule 8002(d). The April 15 orders were entered on April 15, 2026. The ordinary 14-day appeal period expired on April 29, 2026. Rule 8002(d)(1)(B) then allowed Appellant to seek an extension within 21 days after that period expired upon a showing of excusable neglect. That 21-day period expired on May 20, 2026. Appellant filed on May 20. The motion was timely.

The Bankruptcy Court denied the motion as untimely because it was filed 35 days after entry of the April 15 orders. But 35 days is exactly the 14-day appeal period plus the 21-day excusable-neglect period allowed by Rule 8002(d)(1)(B). The court therefore treated the rule's permitted outer deadline as a bar. Because the motion was timely, the Bankruptcy Court had to conduct an excusable-neglect analysis. It did not. It did not apply Pioneer. It did not address prejudice, length of delay, impact on proceedings, reason for delay, good faith,

12

Appellant's declaration, or the surrounding jurisdictional complexity. It relied on BNC mailing certificates and then declared the motion untimely. Mailing certificates may bear on excusable neglect, but they do not determine Rule 8002(d) timeliness, and they do not substitute for the required equitable analysis.

The May 26 Order also failed to address the separate Rule 9024 / Rule 60(b)(4) and Rule 8008 requests. The Protective Motion did not merely seek a late notice of appeal. It argued that the April 15 orders were void or ineffective because they were entered after related appeals from the same adversary proceeding had already shifted jurisdiction to this Court under Griggs, and after the adversary action had been dismissed with prejudice. Alternatively, Appellant asked for an indicative ruling under Rule 8008. The Bankruptcy Court could not dispose of those independent requests by miscalculating Rule 8002(d).

The functional-test ruling was also wrong. The April 15 orders were not collateral housekeeping orders. They resolved motions concerning intervention, indispensable parties, judicial disqualification, counsel disqualification, and summary judgment in the same adversary proceeding that generated the July 3 Settlement Order appeals. Several motions were filed before the July 3 Settlement Order or during the same June 30-July 3 hearing sequence. The Bankruptcy Court expressly acknowledged some of them, declined to consider them "today," entered the Settlement Order anyway, and later denied them on April 15, 2026.

13

That creates the central jurisdictional contradiction. If the July 3 Settlement Order finally resolved the relevant adversary dispute, then the Bankruptcy Court lacked jurisdiction under Griggs to enter later substantive April 15 orders in the same adversary proceeding. If the Bankruptcy Court retained jurisdiction to enter the April 15 orders, then the July 3 Settlement Order did not finally resolve the relevant adversary proceeding. And if the August 5 stipulated dismissal with prejudice ended the adversary action, then there is an additional reason why the Bankruptcy Court could not later adjudicate intervention, indispensable-party, disqualification, and summary-judgment motions on April 15, 2026.

The Court should reverse, hold the Protective Motion timely, and remand with instructions to apply the correct excusable-neglect standard and separately address Rule 9024 / Rule 60(b)(4) and Rule 8008. Alternatively, the Court should hold overlapping Griggs, finality, preclusion, and operative-effect issues in abeyance pending Fourth Circuit review of the June 3 ruling.

## ARGUMENT

### I. THE MAY 20 PROTECTIVE MOTION WAS TIMELY UNDER RULE 8002(d).

The Rule 8002(d) calculation is straightforward.

Rule 8002(a)(1) provides that a notice of appeal must be filed within 14 days after entry of the judgment, order, or decree appealed from. Rule 8002(d)(1)(B) provides that the Bankruptcy Court may extend the time to appeal if the motion is

14

filed within 21 days after the original 14-day period expires and the movant shows excusable neglect.

The April 15 orders were entered on April 15, 2026. Appx. 0021-0032. The 14-day appeal period expired on April 29, 2026. The 21-day Rule 8002(d)(1)(B) excusable-neglect period then expired on May 20, 2026. Appellant filed the Protective Motion on May 20, 2026. Appx. 0033-0066. The motion was filed on the last day permitted by Rule 8002(d)(1)(B).

The Bankruptcy Court denied the motion as untimely because it was filed 35 days after entry of the April 15 orders. Appx. 0090-0105; Appx. 0005. That was legal error. Thirty-five days is not outside Rule 8002(d)(1)(B). It is precisely the 14-day appeal period plus the 21-day extension-motion period.

Nor did Rule 8002(d)(2) prohibit an extension. The April 15 orders did not grant relief from the automatic stay, authorize a sale, lease, credit transaction, assumption or assignment, disclosure statement, or confirmation order. They denied intervention, denied dismissal for failure to join indispensable parties, denied disqualification motions, denied counsel disqualification, and denied summary judgment. Appx. 0021-0032. The Bankruptcy Court therefore had authority to consider the timely Rule 8002(d) motion.

The May 26 Order should be reversed on this ground alone.

## II. THE BANKRUPTCY COURT FAILED TO CONDUCT THE REQUIRED EXCUSABLE-NEGLECT ANALYSIS.

Because the Protective Motion was timely, the Bankruptcy Court had to determine whether Appellant had shown excusable neglect. It did not do so.

Pioneer requires consideration of all relevant circumstances, including the danger of prejudice, the length of delay and potential impact on judicial proceedings, the reason for delay, whether the delay was within the movant's reasonable control, and whether the movant acted in good faith. 507 U.S. at 395.

The May 26 Order contains no such analysis. Appx. 0090-0105. It does not address prejudice. It does not address the short length of delay. It does not address whether any proceeding would be disrupted. It does not address good faith. It does not address Appellant's declaration that he did not discover the April 15 orders until May 13, 2026 and acted promptly by filing the Protective Motion on May 20, 2026. Appx. 0033-0066.

Instead, the court relied on BNC Certificates of Mailing and service at Appellant's address of record. Appx. 0067-0089; Appx. 0090-0105. That reasoning conflates three different questions.

First, the timeliness question is mechanical. Appellant filed within the Rule 8002(d)(1)(B) window. Appx. 0033-0066. Second, service by BNC may be relevant to one Pioneer factor, but it is not dispositive of excusable neglect. Third,

16

mailing certificates do not eliminate the court's duty to consider prejudice, length of delay, impact on proceedings, reason for delay, and good faith.

The current docket reinforces the problem. It reflects returned mail to Appellant for notices mailed on April 17, 2026 relating to several of the April 15 orders, and returned mail for the May 28, 2026 notice relating to the May 26 order. Appx. 0002. That later docket entry underscores why BNC mailing certificates could not substitute for a real excusable-neglect analysis.

There was no apparent prejudice to Appellees from allowing a protective appeal. The appeal was at its initial stage. No merits briefing on any appeal from the April 15 orders had occurred. The Protective Motion was filed within the time Rule 8002(d) expressly allows. And Appellant sought review of orders he contends were void or ineffective because they were entered after related appeals were pending and after the adversary had been dismissed with prejudice.

A court abuses its discretion when it applies the wrong legal standard or fails to exercise discretion at all. The Bankruptcy Court did both. The May 26 Order should be reversed and remanded with instructions to apply Pioneer.

## III. THE BANKRUPTCY COURT SEPARATELY ERRED BY FAILING TO ADDRESS RULE 9024 / RULE 60(b)(4) AND RULE 8008.

The Protective Motion requested more than a Rule 8002(d) extension. Appellant sought: (1) a protective extension of time to appeal; (2) vacatur or relief

17

from the April 15 orders as void, ineffective, or without preclusive effect under Bankruptcy Rule 9024 and Civil Rule 60(b)(4); and (3) alternatively, an indicative ruling under Bankruptcy Rule 8008. Appx. 0033-0066.

The May 26 Order did not meaningfully address the second and third forms of relief. Appx. 0090-0105.

## A. Rule 9024 / Rule 60(b)(4).

Rule 60(b)(4), made applicable by Bankruptcy Rule 9024, permits relief from a void order. A voidness challenge is not merely an untimely merits appeal. It asks whether the court had power to enter the order at all. See Wendt, 431 F.3d at 412-13.

Appellant argued that the April 15 orders were void or ineffective because the Bankruptcy Court lacked jurisdiction under Griggs and the functional test after related appeals involving the same adversary proceeding and settlement structure were pending before this Court. Appx. 0033-0066. Appellant also argued that the orders should not be given operative or preclusive effect. Appx. 0033-0066.

The Bankruptcy Court did not separately analyze Rule 60(b)(4). It did not decide whether the April 15 orders were void. It did not explain why Rule 9024 / Rule 60(b)(4) relief was unavailable. And it did not explain how a Rule 8002(d) timeliness ruling could dispose of a jurisdictional voidness challenge, especially where the Rule 8002(d) motion itself was timely.

18

**B. Rule 8008.**

Rule 8008 supplies the procedure for a motion filed in the bankruptcy court for relief that the bankruptcy court may lack authority to grant because an appeal has been docketed and is pending. The bankruptcy court may defer consideration, deny the motion, state that it would grant the motion if the appellate court remands, or state that the motion raises a substantial issue.

Appellant expressly requested Rule 8008 relief. Appx. 0033-0066. If the Bankruptcy Court believed it could not vacate the April 15 orders outright because related appeals were pending, Rule 8008 allowed it to state whether it would grant relief or whether the motion raised a substantial issue. It did neither. Appx. 0090-0105.

The failure to address Rule 8008 is not harmless. The entire Protective Motion arose from a post-appeal jurisdiction problem. Appellant's position was that the April 15 orders were entered after the appellate court had jurisdiction over the relevant aspects of the same adversary proceeding. Rule 8008 was designed for precisely that kind of situation.

The Court should reverse and remand for meaningful consideration of Rule 9024 / Rule 60(b)(4) and Rule 8008.

**IV. THE FUNCTIONAL-TEST RULING WAS WRONG BECAUSE THE APRIL 15 ORDERS CONCERNED THE SAME ADVERSARY PROCEEDING AND THE SAME APPEALED ASPECTS.**

Griggs holds that a notice of appeal is an event of jurisdictional significance that divests the lower court of control over those aspects of the case involved in the appeal. 459 U.S. at 58. Bankruptcy courts apply that rule functionally because a bankruptcy case may contain multiple discrete proceedings. But the functional test does not permit a bankruptcy court to proceed on matters that address the same issues, affect the same appealed structure, interfere with the appeal, or effectively circumvent appellate review. See Green v. 1900 Capital Tr. II by U.S. Bank Tr. Nat'l Ass'n, 619 B.R. 121, 134 (D. Md. 2020); In re Scopac, 624 F.3d 274, 280 (5th Cir. 2010).

The Bankruptcy Court concluded that it had jurisdiction under the functional test. Appx. 0090-0105; Appx. 0005. That conclusion was wrong.

**A. The April 15 orders were substantive orders in the same adversary proceeding.**

The April 15 orders were entered in Adv. Proc. No. 24-00007. Appx. 0021-0032. They denied intervention, denied dismissal for failure to join indispensable parties, denied judicial disqualification, denied counsel disqualification, denied a second judicial-disqualification motion, and denied summary judgment. Appx. 0021-0032.

Those issues were not collateral. Intervention determined whether Appellant could participate in the adversary proceeding. Appx. 0021-0022; Appx. 0126-0139. The indispensable-party motion challenged whether the adversary could proceed

without necessary parties, including parties whose rights were implicated by the settlement architecture. Appx. 0023-0024; Appx. 0149-0212. The disqualification motions concerned whether the Bankruptcy Judge could continue to preside over the adversary and settlement-related proceedings. Appx. 0025-0026; Appx. 0029-0030; Appx. 0217-0236; Appx. 0348-0361. The counsel-disqualification motion concerned whether King counsel could continue to act in the adversary. Appx. 0027-0028; Appx. 0244-0329. The summary-judgment motion concerned the merits of Appellant's proposed third-party claim and the adversary's jurisdictional structure, and its denial was derivative of the intervention denial. Appx. 0031-0032; Appx. 0367-0379.

## B. Several of the motions resolved on April 15 were pending before the July 3 Settlement Order.

The timing confirms that the April 15 orders were not post-judgment collateral housekeeping. Appellant filed the Motion to Intervene and the Motion to Dismiss for Failure to Join Indispensable Party before the Bankruptcy Court entered the July 3 Settlement Order. Appx. 0126-0139; Appx. 0149-0212. The related deficiency notices gave later cure deadlines, confirming that the motions were pending and curable, not nullities. Appx. 0140; Appx. 0213.

At the June 30 hearing, the Bankruptcy Court expressly acknowledged the motion to intervene and motion to dismiss. Appx. 0779-0783. The court stated that the motions had just been docketed and would not be considered "today." Appx.

21

0782-0783. The court then proceeded with the settlement/claim-objection hearing and later entered the July 3 Settlement Order without first adjudicating those threshold motions. Appx. 0648-0650; Appx. 0829-0873.

The July 1 transcript confirms that the same hearing sequence involved the same party-status, Rule 19, disqualification, counsel-conflict, claim-objection, estate-property, and Kiviti/finality issues. Appx. 0789-0828. These were not later afterthoughts. They were part of the same procedural architecture that led to the July 3 Settlement Order and the claim-objection order.

## C. The adversary was later dismissed with prejudice before the April 15 orders.

The August 5, 2025 stipulated dismissal creates an additional jurisdictional problem. The King Parties and Trustee filed a Notice of Stipulated Dismissal in the adversary proceeding with prejudice. Appx. 0651-0652. If that dismissal was effective, the adversary action had been dismissed long before the Bankruptcy Court entered the April 15, 2026 orders.

At minimum, that fact required analysis. The May 26 Order did not address whether the Bankruptcy Court could enter substantive orders on intervention, indispensable parties, disqualification, counsel disqualification, and summary judgment in a dismissed adversary action. Appx. 0090-0105.

## D. The July 3 / April 15 sequence creates a no-exit jurisdictional contradiction.

22

If the July 3 Settlement Order finally resolved the relevant adversary dispute, then the July 17, 2025 settlement-order appeal divested the Bankruptcy Court of authority over the aspects of the adversary involved in that appeal. Under Griggs and the functional test, the Bankruptcy Court could not later enter substantive orders addressing intervention, indispensable parties, disqualification, counsel disqualification, and summary judgment in that same adversary proceeding.

If, however, the Bankruptcy Court retained jurisdiction to enter the April 15 orders because those issues remained for decision in the adversary, then the July 3 Settlement Order did not finally resolve the relevant adversary proceeding. That undermines the premise of finality in the prior settlement appeal and confirms why the April 15 orders cannot be used to give preclusive or operative effect to the June 3 ruling.

Either way, the May 26 Order should not have disposed of Appellant's Rule 9024 / Rule 60(b)(4) and Rule 8008 requests through a conclusory invocation of the functional test.

### E. Kiviti reinforces the finality problem.

Kiviti v. Bhatt, 80 F.4th 520 (4th Cir. 2023), confirms that adversary proceedings are treated like stand-alone lawsuits for finality purposes and that an order resolving fewer than all claims in an adversary proceeding is not a final

23

order. The April 15 orders show that substantial issues concerning party status, necessary parties, disqualification, counsel authority, and merits posture remained unresolved when the July 3 Settlement Order was entered. Appx. 0021-0032; Appx. 0126-0385.

This Court need not decide the full Fourth Circuit finality issue in this appeal. It is enough to recognize that the Bankruptcy Court's May 26 functional-test ruling failed to grapple with the overlap. The April 15 orders directly implicate whether the July 3 order was final, whether the Bankruptcy Court retained jurisdiction, whether the April 15 orders are void or ineffective, and whether the June 3 ruling should have operative or preclusive effect while the Fourth Circuit reviews it.

## V. THIS COURT SHOULD REVERSE OR, AT MINIMUM, HOLD OVERLAPPING ISSUES IN ABEYANCE.

The cleanest disposition is reversal. The Court should hold that Appellant's May 20 Protective Motion was timely under Rule 8002(d)(1)(B), reverse the May 26 Order, and remand with instructions to apply the correct excusable-neglect standard and separately address Rule 9024 / Rule 60(b)(4) and Rule 8008.

That relief would not require this Court to reconsider the June 3 ruling on the merits. It would simply correct the May 26 Order's threshold Rule 8002(d)

24

error and require the Bankruptcy Court to address the separate voidness and indicative-ruling requests under the proper rules.

Alternatively, if this Court concludes that the Griggs, finality, preclusion, or operative-effect issues cannot be resolved without overlapping with issues now pending before the Fourth Circuit, the Court should hold this appeal or the overlapping issues in abeyance pending Fourth Circuit review.

That course would preserve the status quo and avoid inconsistent jurisdictional rulings. Appellant's amended stay motion in the earlier appeal requested, at minimum, a limited stay or abeyance until this Court resolves Civil Action No. 26-2175-TDC, because this appeal concerns later orders entered in the same adversary proceeding. Appx. 0899-0925. The Trustee opposed, but the opposition did not answer the narrow abeyance problem and instead relied on this Court's June 3 conclusions and asserted consummation. Appx. 0926-0931. The Trustee also argued that the July 3 Settlement Order transferred only the right, title, and interest of the Trustee, Debtor, and estate, without needing to adjudicate the exact contours of what interests of Serv Trust, if any, were part of the estate. Appx. 0928.

That response confirms why abeyance or reversal is appropriate. If the July 3 Settlement Order transferred only whatever estate interest already existed, then there is no prejudice in preventing the April 15 orders and May 26 Order from

having additional preclusive or operative effect. If broader estate-property conclusions are necessary to validate the settlement, then those conclusions overlap with the pending Fourth Circuit appeal and should not be compounded in this appeal.

At minimum, the April 15 orders should not be given preclusive effect until the jurisdictional questions are resolved. The May 26 Order should be reversed, vacated, remanded, or held in abeyance accordingly.

## CONCLUSION

For the foregoing reasons, Appellant Gregory B. Myers respectfully requests that this Court:

1. reverse the Bankruptcy Court's May 26, 2026 Order entered at Adv. Dkt. No. 131;

2. hold that Appellant's May 20, 2026 Rule 8002(d) motion was timely because it was filed within the 14-day appeal period plus the additional 21-day excusable-neglect window provided by Rule 8002(d)(1)(B);

3. remand with instructions that the Bankruptcy Court conduct the required excusable-neglect analysis under Pioneer;

4. remand with instructions that the Bankruptcy Court separately and meaningfully address Appellant's Rule 9024 / Rule 60(b)(4) and Rule 8008 requests;

5. hold that the April 15, 2026 orders are void, ineffective, or without preclusive effect to the extent they were entered without jurisdiction under Griggs or after dismissal of the adversary action; or, alternatively,

6. hold the overlapping Griggs, Rule 9024, Rule 8008, finality, and preclusive-effect issues in abeyance pending Fourth Circuit review of this Court's June 3, 2026 ruling and June 29, 2026 rehearing denial.

Dated: July 27, 2026

Respectfully submitted,

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Bankruptcy Procedure 8015(a)(7) and 8015(h), I certify that this brief contains 5505 words, excluding the parts exempted by Rule 8015(g). This brief was prepared in 14-point Times New Roman, a proportionally spaced typeface.

Gregory B. Myers, *pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2026, I filed the foregoing

APPELLANT GREGORY B. MYERS'S OPENING BRIEF with the Clerk of the

United States District Court for the District of Maryland and served a true and correct

copy by First-Class United States Mail, postage prepaid, upon:

Roger Schlossberg
Frank J. Mastro
Schlossberg | Mastro
P.O. Box 2067
Hagerstown, Maryland 21742

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

 

 

Gregory B. Myers, *pro se*

28