AT BALTIMORE
CLERK, U.S DISTRICT COURT
DISTRICT OF MARYLAND
BY                                    DEPUTY

JUL 3 0 2026

_____ FILED          _____ ENTERED
_____ LOGGED         _____ RECEIVED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

GREGORY B. MYERS,

    Appellant,

    v.

BRIAN KING,
CRISTINA KING,
CRISTINA AND BRIAN KING
CHILDREN'S TRUST and
ROGER SCHLOSSBERG,

    Appellees.

Civil Action No. 26-2175-TDC

## CASE MANAGEMENT ORDER

Federal Rule of Civil Procedure 83(b) provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Such case management includes holding pretrial conferences for the purpose of "establishing early and continuing control so that the case will not be protracted because of lack of management" and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a).

Pursuant to these authorities, and in an effort to streamline proceedings, reduce unnecessary and costly motions practice, and "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, this Standing Case Management Order (the "Case Management Order") shall govern in all civil proceedings before Judge Chuang. Although this Case Management Order places formal requirements on the manner in which cases shall proceed, it is intended only to more effectively channel the efforts of litigants and allocate the resources of the Court. It does not, and is not intended to, modify or abridge any substantive rights of any litigant.

I.    **Applicability of this Order**

    A. **Effective Date**

        1. This Case Management Order is effective upon its filing as to any parties who have already appeared.

        2. With respect to parties who have not appeared at the time that this Case Management Order is entered upon the docket, this Case Management Order is effective immediately upon receipt. Entry of an appearance by counsel, which