8:26-cv-2175-TDC

---

**United States District Court**
**for the District of Maryland**
**Greenbelt Division**

---

*Myers v. Schlossberg, et al. (In re Myers)*

---

On Appeal from the United States Bankruptcy Court
for the District of Maryland

---

# Opening Brief of Appellees Roger Schlossberg, Brian King, Cristina King and the Cristina and Brian King Children's Trust

Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com

Frank J. Mastro, Esq.
Bar No. 24679
Schlossberg Mastro
P.O. Box 2067
Hagerstown, Maryland 21742
Phone: (301) 739-8610
fmastro@schlosslaw.com

*Counsel for Appellees*

# **Table of Contents**

I. Table of Contents ........ ii

II. Table of Authorities ........ iii

III. Statement of Jurisdictional ........ 1

IV. Statement of Issue Presented ........ 2

V. Statement of the Case ........ 3

VI. Summary of Argument ........ 4

VII. Argument ........ 5

A. The Appellant Did Not Make a Showing of Excusable Neglect Below ........ 5

B. The Bankruptcy Court's Orders are Neither Void Nor Ineffective ........ 11

C. An Indicative Ruling Would Not Have Been Legally Appropriate ........ 15

VIII. Certificate of Compliance ........ 16

## Table of Authorities

**Cases**

*AgSouth Farm Credit, ACA v. Bishop,*
333 B.R. 746 (Bankr. D.S.C. 2005) .......... 7

*Attaway v. Hughes*,
2025 U.S. Dist. LEXIS 118880 (S.D. Ill. June 23, 2025) .......... 11

*Barlow v. Colgate Palmolive Co*.,
772 F.3d 1001 (4th Cir. 2014) .......... 3

*Catlin v. United States*,
324 U.S. 229 (1945) .......... 1

*Ekweani v. Wells Fargo Home Mortg., Inc.*,
2013 U.S. Dist. LEXIS 158051 (D. Md. Nov. 5, 2013) .......... 7

*Green v. 1900 Cap. Tr. II*,
619 B.R. 121 (D. Md. 2020) .......... 12

*In re Howes*,
563 B.R. 794 (D. Md. 2016) .......... 12

*In re LBL Sports Center, Inc.*,
684 F.2d 410 (6th Cir. 1982) .......... 7

*In re Ruti-Sweetwater, Inc.*,
836 F.2d 1263 (10th Cir. 1988) .......... 3

*In re Strawberry Square Assocs*.,
152 B.R. 699 (Bankr. E.D.N.Y. 1993) .......... 15

*Justus v. Clarke*,
78 F.4th 97 (4th Cir. 2023) .......... 8

*Lontz v. Tharp*,
413 F.3d 435 (4th Cir. 2005) .......... 3

*Matter of Ramsey*,
612 F.2d 1220 (9th Cir. 1980) .......... 7

*Myers v. Schlossberg*,
2026 U.S. Dist. LEXIS 123226 (D. Md. June 3, 2026)..........................................12

*Myers v. United States Tr.*,
2020 U.S. Dist. LEXIS 25670 (D. Md. Feb. 13, 2020)..........................................13

*Patton v. SBC Ameritech*,
2008 U.S. Dist. LEXIS 50492 (E.D. Mich. June 30, 2008)....................................11

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*,
507 U.S. 380 (1993)..........................................................................................8, 11

*Rinn v. First Union Nat'l Bank*,
176 B.R. 401 (D. Md. 1995)....................................................................................3

*Robinson v. Garraghty,*
914 F.2d 249 (4th Cir. 1990)....................................................................................1

*Scopac v. Pacific Lumber Co.* (*In re Scopac*),
624 F.3d 274 (5th Cir. 2010)..................................................................................12

*Smith v. Dairymen, Inc.*,
790 F.2d 1107 (4th Cir. 1986)..................................................................................7

*Sullivan Central Plaza I, Ltd. v. Bancboston Real Estate Capital Corp.*,
935 F.2d 723 (5th Cir. 1991)..................................................................................15

*Thompson v. E.I. DuPont de Nemours & Co.*,
76 F.3d 530 (4th Cir. 1996)......................................................................................8

*Trans Energy, Inc. v. EQT Prod. Co.*,
743 F.3d 895 (4th Cir. 2014)....................................................................................3

*United States v. Boesen*,
599 F.3d 874 (8th Cir. 2010)....................................................................................8

*United States v. Cates*,
716 F.3d 445 (7th Cir. 2013)....................................................................................8

*United States v. Davis*,
2024 U.S. App. LEXIS 19778 (4th Cir. Aug. 7, 2024) ....................8

*United States v. Farris*,
834 F. App'x 811 (4th Cir. 2021) ....................8

*United States v. Munoz*,
605 F.3d 359 (6th Cir. 2010) ....................8

*Whispering Pines Estates, Inc. v. Flash Island, Inc.*,
369 B.R. 752 (1st Cir. BAP 2007) .................... 12, 14

*Williams v. Cambridge Integrated Servs. Grp.*,
235 F. App'x 870 (3d Cir. 2007) ....................10

**Statutes**

28 U.S.C. § 157 ....................1

28 U.S.C. § 158 ....................1

**Rules**

Federal Rule of Bankruptcy Procedure 4002 ....................10

Federal Rule of Bankruptcy Procedure 8002 .................... *passim*

Federal Rule of Bankruptcy Procedure 8008 ....................2, 15

Federal Rule of Bankruptcy Procedure 8014 ....................1, 16

Federal Rule of Bankruptcy Procedure 8015 ....................16

Federal Rule of Bankruptcy Procedure 9006 ....................8

Federal Rule of Bankruptcy Procedure 9024 ....................2

Federal Rule of Civil Procedure 60 ....................2

**Treatises**

10A Collier on Bankruptcy P 8002.13 ....................7

## I. Statement of Jurisdiction

The United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") enjoyed subject matter jurisdiction over the instant case pursuant to the allowances of section 157 of title 28 of the United States Code.

Specifically, this appeal concerns the Bankruptcy Court's denial of a motion seeking to extend the deadline to file an appeal and related relief. Appendix at 90-103. These are "matters concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A), and were thusly within the jurisdictional grasp of the Bankruptcy Court.

This Honorable Court enjoys jurisdiction over this appeal pursuant to the allowances of section 158 of title 28 of the United States Code. Specifically, the Bankruptcy Court's order on appeal is a final order, *see* 28 U.S.C. § 158(a)(1); *Robinson v. Garraghty,* 914 F.2d 249 (4th Cir. 1990) ("A final order is one which disposes of all issues in dispute as to all parties. It 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)), and accordingly emanates from "a final judgment, order, or decree," Fed. R. Bankr. P. 8014(a)(4)(D).

The order from which this appeal is taken was entered on May 26, 2026. Appendix at 90. A notice of appeal was filed on June 1, 2026, Appendix at 106, and this appeal is accordingly timely in nature. Fed. R. Bankr. P. 8002(a)(1).

## II. Statement of Issues Presented

Gregory Myers ("Mr. Myers," the "Appellant," or the "Debtor") missed the deadline to appeal orders denying his motions: (i) to disqualify a judge of the Bankruptcy Court; (ii) to disqualify counsel; (ii) to intervene in an adversary proceeding; (iii) to dismiss an adversary proceeding for allegedly lacking an indispensable party; and (iv) for summary judgment in the adversary proceeding. Seemingly with an at-best *de minimis* sense of irony, Mr. Myers has now timely appealed the order denying him leave to untimely appeal other orders.

In his opening brief, ECF No. 11, Mr. Myers takes issue with the order on appeal, urging (i) his underlying motion was timely under Federal Rule of Bankruptcy Procedure 8002(d), *id.* at p. 12, and that the Bankruptcy Court accordingly committed legal error in not performing an analysis of the existence, *vel non*, of excusable neglect, *id.* at pp. 12-13; (ii) the Bankruptcy Court erred in failing to address issues under Federal Rules of Bankruptcy Procedure 8008 and 9024, as well as Federal Rule of Civil Procedure 60(b)(4), *id.* at p. 13; and (iii) the Bankruptcy Court either lacked jurisdiction to enter the orders from which Mr. Myers wishes to appeal or the Bankruptcy Court lacks jurisdiction to find Mr. Myers' appeal request untimely, *id.* at pp. 13-14.

The first inquiry—the timeliness of the motion below and whether or not the Bankruptcy Court undertook the proper analysis of that motion—is a question of law and thereby subject to a *de novo* standard of review. *See, e.g.*, *Barlow v. Colgate Palmolive Co*., 772 F.3d 1001, 1007 (4th Cir. 2014) ("We review questions of law, including a lower court's determination of its subject-matter jurisdiction, de novo.") (citing *Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 900 (4th Cir. 2014); *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005)).

The second inquiry—whether or not the Bankruptcy Court erred in failing to address alternate relief—is a mixed question of fact and law that is chiefly focused on legal principles, and is thusly subject to a *de novo* standard of review. *See, e.g.*, *Rinn v. First Union Nat'l Bank*, 176 B.R. 401, 407 (D. Md. 1995) ("Mixed questions of fact and law which contain 'primarily a consideration of legal principles' are considered de novo.") (quoting *In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1266 (10th Cir. 1988)).

The final question raised by Mr. Myers—going to the Bankruptcy Court's jurisdiction—is also a question of law and, ergo, subject to a *de novo* standard of review. *See Barlow*, 772 F.3d at 1007.

## III. Statement of the Case

While the yearslong bankruptcy proceedings of Mr. Myers (and his myriad appeals therefrom) are notably extensive and complex, the matter instantly before

this Honorable Court is not. This appeal concerns—quite simply—whether or not the Bankruptcy Court was correct in holding Mr. Myers ought not be permitted leave to pursue an untimely appeal.

Mr. Myers is more experienced with the filing of appeals than many attorneys yet—for whatever reason—neglected to timely notice appeals of the orders denying his various motions below. Appendix at 33-35. He then filed a motion seeking to extend the deadline but, in so doing, failed to establish the requisite excusable neglect. Appendix at 33-66. So his motion was denied. Appendix at 90.

This appeal timely followed. Appendix at 106.

## IV. Summary of Argument

Mr. Myers failed to secure an extension of his appellate deadline, on the basis of excusable neglect, because he failed to make any substantive showing of excusable neglect. The Bankruptcy Court was accordingly correct to deny the requested relief.

The other relief that Mr. Myers sought below is uniformly inapplicable to this case. The Bankruptcy Court *did* enjoy continued jurisdiction over the procedural motions with which Mr. Myers takes issue. And the Bankruptcy Court accordingly did *not* need to issue a so-called "indicative ruling" or hold matters in abeyance pending adjudication of Mr. Myers' latest seriatim appeals, this time concerning

disposition of an adversary proceeding (the "Adversary Proceeding") and objections to three proofs of claim (the "Claim Objections").

## V. Argument

### A. The Appellant Did Not Make a Showing of Excusable Neglect Below

Mr. Myers is not the first—and assuredly will not be the last—bankruptcy litigant to miss an appeal deadline. Anecdotally, such occurs with some frequency when litigators, accustomed to the 30-day deadline to notice most civil appeals, first venture into bankruptcy court where a 14-day deadline controls. Mr. Myers, by contrast, is *very* experienced noticing bankruptcy appeals—such has become something of a pastime for him over the past several years.[1] Yet, for whatever reason,

[1] *See Myers v. United States Trustee*, No. 17-CV-01218; *Kelly v. United States Trustee*, No. 17-CV-01239; *Myers v. Schlossberg, et al.*, No. 17-CV-02537; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 17-CV-02781; *Kelly v. Schlossberg*, No. 17-CV-03846; *Myers v. Schlossberg*, No. 17-CV-03847; *Myers, et al. v. Schlossberg, et al.*, No. 18-CV-00336; *Myers v. Fitzgerald*, No. 18-CV-01417; *Myers v. Fitzgerald*, No. 18-CV-01630; *Myers, et al. v. Offit Kurman, P.A., et al.*, No. 18-CV-02536; *Myers, et al. v. Schlossberg*, No. 18-CV-03783; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 19-CV-00245; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 19-CV-00636; *Myers v. United States Trustee*, No. 19-CV-00637; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 19-CV-03677; *Myers v. Schlossberg*, No. 21-CV-01184; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 21-CV-01185; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 21-CV-01186; *Myers v. Specialized Loan Servicing, LLC, et al.*, Nos. 22-CV-00778; *Myers v. King, et al.*, No. 23-CV-03511; *Myers v. Schlossberg, et al.*, No. 25-CV-2042; *Myers v. Schlossberg, et al.*, No. 25-CV-2103; *Myers v. Schlossberg, et al.*, No. 25-CV-2337; *Myers v. Schlossberg, et al.*, No. 25-CV-2338; *Myers v. Schlossberg, et al.*, No. 25-

he missed this deadline. And when he then sought relief from that missed deadline, he utterly failed to show the excusable neglect requisite to be permitted a tardy appeal.

The 14-day deadline to notice a bankruptcy appeal is rules-based. *See* Fed. R. Bankr. P. 8002(a)(1) ("Except as (b) and (c) provide otherwise, a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered."). The internal references to exceptions in "(b)" and "(c)" are inapplicable to the instant case, with the former variety of exceptions concerning the extension of a deadline by virtue of the filing of a motion to, *inter alia*, alter or amend a judgment, or for a new trial. *See* Fed. R. Bankr. P. 8002(b). The latter exception concerns appeals filed by inmates. *See* Fed. R. Bankr. P.

---

CV-2635; *Myers v. Schlossberg, et al*., No. 26-CV-2175; *Myers v. U.S. Bank, N.A., et al*., No. 26-CV-2204; *Myers, et al. v. Offit Kurman, P.A., et al*., No. 26-CV-2541; *Myers v. Schlossberg, et al*., No. 26-CV-2865; *Myers v. Schlossberg, et al*., No. 26-CV-2866.

Mr. Myers, individually or with his wife, also litigated at least six (6) prior appeals to the Fourth Circuit. *See Myers, et al. v. Offit Kurman, P.A., et al.*, Appeal No. 18-2144; *Myers v. United States Trustee*, Appeal No. 20-1261; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, *et al*., Appeal No. 20-2007; *Myers, et al. v. Offit Kurman, P.A., et al.*, Appeal No. 20-2309; *Kelly, et al. v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, *et al*., Nos. 22-1378 and 22-1379 (consolidated).

Notably, the foregoing compilation of cases does <u>not</u> include the appeals that have emanated from the many chapter 13 bankruptcy cases filed by the Debtor and his wife in various jurisdictions (Florida, Delaware, Maryland, and the District of Columbia) subsequent to the commencement of the Debtor's chapter 7 case below.

8002(c). Upon information and belief, Mr. Myers is not an inmate, nor has he herein contended any delay to have been occasioned on account of an incarceratory spell.

The timely filing of a notice of appeal is jurisdictional in nature. *See Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1109 (4th Cir. 1986) (citing *In re LBL Sports Center, Inc.*, 684 F.2d 410, 412 (6th Cir. 1982); *Matter of Ramsey*, 612 F.2d 1220, 1221-22 (9th Cir. 1980)). Accordingly, "[p]arties must strictly comply with the [14-day] time period . . . unless they request an extension by written motion to the bankruptcy court within the 14-day period, or, upon a showing of excusable neglect, within 21 days after the initial period has expired." *Ekweani v. Wells Fargo Home Mortg., Inc.*, 2013 U.S. Dist. LEXIS 158051, at *2 (D. Md. Nov. 5, 2013) (citing *AgSouth Farm Credit, ACA v. Bishop,* 333 B.R. 746, 748 (Bankr. D.S.C. 2005); Fed. R. Bankr. P. 8002(c)).

The "excusable neglect" reference in *Ekweani* is derivative of the same rule that establishes the appellate deadline in the first instance: "the bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed . . . (B) within 21 days after that time expires *if the party shows excusable neglect*." Fed. R. Bankr. P. 8002(d)(1) (emphasis added).

The excusable neglect standard here is tantamount to that contained in Federal Rule of Appellate Procedure 4(a)(5), *see* 10A Collier on Bankruptcy P 8002.13, and invokes a standard to which the Supreme Court has previously spoken in connection

with a separate rule of bankruptcy procedure, *id.* (discussing Federal Rule of Bankruptcy Procedure 9006(b)(1)). Specifically:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Courts apply the *Pioneer* factors "in determining whether a defendant has shown excusable neglect." *United States v. Davis*, 2024 U.S. App. LEXIS 19778, at *6 (4th Cir. Aug. 7, 2024) (citing *United States v. Farris*, 834 F. App'x 811, 812 (4th Cir. 2021); *United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013); *United States v. Munoz*, 605 F.3d 359, 369 (6th Cir. 2010); *United States v. Boesen*, 599 F.3d 874, 879 (8th Cir. 2010)). "The most important of the[se] factors . . . for determining whether 'neglect' is 'reasonable'' is the reason for the delay." *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

All of which invites the following problem for Mr. Myers: he did not make a showing of excusable neglect when seeking an extension of his appellate deadline after the initial 14-day period lapsed. To the contrary, he posited that he "first

discovered" the orders from which he wishes to appeal on May 13, 2026, Appendix at 34, 44, a date two weeks after the actual appellate deadline, *see* Fed. R. Bankr. P. 8002(a)(1). He proceeded to indicate that the orders were entered while parts of the case were already on appeal, Appendix at 44, that he believes the Bankruptcy Court lacks jurisdiction to enter such orders while an appeal is pending, Appendix at 44, that he promptly acted upon learning of the orders, Appendix at 44, that there is no "unfair prejudice" in permitting a tardy appeal, Appendix at 44, and that his challenge to the Bankruptcy Court's jurisdiction is "substantial," Appendix at 44.

Yet all of the foregoing is at-best threadbare; Mr. Myers never actually explains why he did not timely receive the subject orders, why he was not monitoring the docket, why he was not checking his mail, and why the enormous lapse of time occurred. If, by way of purely hypothetical anecdote, Mr. Myers were away from his mail and e-mail because of a protracted hospitalization, such may well come within the realm of excusable neglect. Similarly if Mr. Myers were away because he was forward-deployed as a member of the armed forces or even working as a part of the diplomatic corps, such might invite a finding of excusable neglect.

Simply not "discovering" a notice, however, is far from excusable neglect and cannot—without palpably more—enter the realm of excusable neglect. As the Bankruptcy Court observed, the at-issue orders "were served on the Debtor at his address of record," via mail. Appendix at 90. And without some explanation as to

*why* he did not timely "discover" those orders—especially from a serial litigant who appears more-than-capable of tracking his cases online—it appears that Mr. Myers' conduct is merely neglectful without being *excusably* neglectful.

To be sure, to the extent that Mr. Myers did not promptly receive court orders, it is because he has steadfastly refused to update his address with the Bankruptcy Court. It is clear, from this very appeal, that mail to Mr. Myers' address is being returned. *See* ECF No. 10 (mail to Mr. Myers returned as "Return to Sender," "Unclaimed," and "Unable to Forward"); ECF No. 13 (same). The Bankruptcy Court docket also shows the at-issue orders being mailed to Mr. Myers and then returned. Appendix at 2.

As a debtor in bankruptcy, Mr. Myers has an affirmative duty to "file a statement of any change in the debtor's address." Fed. R. Bankr. P. 4002(a)(5). If he has shirked this duty and, as a result of such, is not timely receiving orders, such invites creation of a universe far removed from "excusable neglect" sufficient to merit an extension of time. *See, e.g.*, *Williams v. Cambridge Integrated Servs. Grp.*, 235 F. App'x 870, 873 (3d Cir. 2007) ("Applying the factors set forth in *Pioneer*, we find that the District Court did not abuse its discretion in denying Williams' Rule 60(b) motion. Williams' failure to update his address of record in the District Court, coupled with his delay in failing to inquire about the status of his case in the District Court, did not constitute excusable neglect under these circumstances."); *Attaway v.*

*Hughes*, 2025 U.S. Dist. LEXIS 118880, at *6 (S.D. Ill. June 23, 2025) ("His failure to update the Court on his current address or keep apprised of the status of his case does not constitute excusable neglect."); *Patton v. SBC Ameritech*, 2008 U.S. Dist. LEXIS 50492, at *9 (E.D. Mich. June 30, 2008) (denying reconsideration of an order providing, *inter alia*, "[a]ssuming that Plaintiff contends that her failure to update her address for service was excusable neglect because she is unfamiliar with the Court's procedures, the Court does not find her neglect to be excusable.").

Worse, Mr. Myers is still yet to acknowledge or explain why he missed the deadline—the record is wholly devoid of any explanation other than his tardy receipt of the at-issue orders and the aforesaid docket entries showing that his failure to keep his address updated has resulted in mail being returned. Appendix, *passim*. He did not put anything more before the Bankruptcy Court. And given the deeply equitable nature of an "excusable neglect" finding, *Pioneer*, 507 U.S. at 395, such means the Bankruptcy Court most certainly did not abuse its discretion in denying Mr. Myers' motion to extend his appellate deadlines.

### B. The Bankruptcy Court's Orders are Neither Void Nor Ineffective

Mr. Myers next asserts the Bankruptcy Court erred in finding the underlying orders to be valid and effective, with the thrust of Mr. Myers' contention being that the Bankruptcy Court could not have entered those orders since related matters were already before this Honorable Court on appeal. Yet the Bankruptcy Court was plain

in noting its rationale for entering the various orders and the brevity of that rationale—replete with a citation to case law—speaks to the simplicity of the Appellant's error.

Specifically, the Bankruptcy Court invokes the "functional test" in its order, citing to *Green v. 1900 Cap. Tr. II*, 619 B.R. 121 (D. Md. 2020). Appendix at 90. This test is utilized when:

> . . . deciding whether a notice of appeal divests a bankruptcy court of jurisdiction over certain issues: "once an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process."

*Green*, 619 B.R. at 134 (quoting *Scopac v. Pacific Lumber Co.* (*In re Scopac*), 624 F.3d 274, 280 (5th Cir. 2010) (quoting *Whispering Pines Estates, Inc. v. Flash Island, Inc.* (*In re Whispering Pines Estates, Inc.*), 369 B.R. 752, 759 (1st Cir. BAP 2007)); citing *In re Howes*, 563 B.R. 794, 806-07 (D. Md. 2016)).

Here, the appeal pending at the time was of ten (10) separate orders, spread across three jointly administered cases, with Mr. Myers only pursuing in earnest his appeal of an order granting a motion for leave to compromise the Adversary Proceeding and dismissing the Claim Objections. *See Myers v. Schlossberg*, 2026 U.S. Dist. LEXIS 123226, at *16 (D. Md. June 3, 2026) ("In his opening brief, Myers's arguments relate only to the reasons that the bankruptcy court erred in

issuing the Settlement Order, and he asserts no arguments relating to the nine other bankruptcy court orders referenced in the Notices of Appeal.").

For purposes of the functional test, this means the issues on appeal were (i) whether the Bankruptcy Court abused its discretion in allowing a chapter 7 trustee to compromise certain causes of action and property rights; and (ii) whether the Bankruptcy Court erred in allowing the Claim Objections to be dismissed as part of the foregoing compromise.

By contrast, however, the orders entered in the Bankruptcy Court during the pendency of the foregoing appeal uniformly concern (i) whether or not a judge of the Bankruptcy Court ought to be disqualified from the bankruptcy case; (ii) whether or not an attorney ought to be disqualified from the bankruptcy case; (iii) whether or not Mr. Myers should be permitted to intervene in the Adversary Proceeding; (iv) whether or not Mr. Myers should be able to seek dismissal of the Adversary Proceeding; and (v) whether or not Mr. Myers should be able to seek summary judgment in the Adversary Proceeding.[2]

---

[2] That many of these were filed on the eve of a hearing on the motion to compromise the Adversary Proceeding is not a coincidence; Mr. Myers has a penchant for using bad faith motions practice to "gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit." *Myers v. United States Tr.*, 2020 U.S. Dist. LEXIS 25670, at *9 (D. Md. Feb. 13, 2020).

None of these issues would have impacted the appeal then-pending in this Honorable Court. Whether or not a bankruptcy judge was disqualified would not have changed analysis of the issues before this Honorable Court on the merits of the rulings below. Nor would an adjudication of a motion to disqualify counsel. Nor would adjudication of Mr. Myers' motion to intervene (which, to be sure, would be a necessary predicate to his seeking dismissal or summary judgment).[3] The Bankruptcy Court was essentially tending to housekeeping matters, denying procedural motions that had been seemingly introduced solely to prevent the Bankruptcy Court from tending to its business.

This distinction is important, and the functional test is necessary because "[t]he application of a broad rule that a bankruptcy court may not consider any request filed while an appeal is pending has the potential to severely hamper a bankruptcy court's ability to administer its cases in a timely manner." *Whispering Pines*, 369 B.R. at 758 (citing *Sullivan Central Plaza I, Ltd. v. Bancboston Real Estate Capital Corp. (In re Sullivan Central Plaza I)*, 935 F.2d 723, 727 (5th Cir.

[3] Importantly, because the Adversary Proceeding was compromised, there was no adjudication on the merits and the appeal did not concern the merits, *vel non*, of the claims. So Mr. Myers' motions to intervene, to dismiss, and for summary judgment were all aimed at the merits of a case that would proceed if not compromised; the appeal concerned whether or not there ought to be allowed a compromise.

1991); *In re Strawberry Square Assocs*., 152 B.R. 699, 701 (Bankr. E.D.N.Y. 1993)).

The wisdom of this rule is particularly potent in the context of a debtor like Mr. Myers, who has a penchant for noticing serial appeals. If the Bankruptcy Court were paralyzed and unable to tend to open motions in Mr. Myers' already-yearslong chapter 7 case, every time he noticed an appeal, the bankruptcy case would genuinely ground to a halt. This, in turn, would fundamentally undermine the notions of an expedient liquidation and distribution to creditors.

### C. An Indicative Ruling Would Not Have Been Legally Appropriate

Mr. Myers also urges that the Bankruptcy Court should have only issued an indicative ruling, since it was without jurisdiction based on the then-pending appeals. While an indicative ruling is expressly permitted by controlling law, such a ruling may be issued only "[i]f a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because an appeal has been docketed and is pending. . ." Fed. R. Bankr. P. 8008(a).

As noted *supra*, the Bankruptcy Court had jurisdiction to enter the at-issue orders. There was, accordingly, no basis for entry of an indicative ruling.

## VI. Certificate of Compliance

Pursuant to Federal Rule of Bankruptcy Procedure 8014(a)(10), I hereby certify this brief complies with the page limitation of Federal Rule of Bankruptcy Procedure 8015(b) because it does not exceed 30 pages in length.

Respectfully submitted,

Dated: August 26, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the King Parties*

/s/ Frank J. Mastro
Frank J. Mastro, Esq.
Bar No. 24679
Schlossberg Mastro
P.O. Box 2067
Hagerstown, Maryland 21742
Phone: (301) 739-8610
fmastro@schlosslaw.com
*Counsel for Mr. Schlossberg*

*[Certificate of Service on Following Page]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to all counsel in this matter.

I DO FURTHER CERTIFY that on this 26th day of August, 2026, a copy of the foregoing was served via First Class Mail, postage prepaid, upon:

Gregory Myers
700 Gulf Shore Blvd. N
Naples, Florida 34102
*Appellant*

/s/ Maurice B. VerStandig
Maurice B. VerStandig