USDC - BALTIMORE MD
'26 SEP 14 PM10:10

**No.: 8:26-cv-02175-TDC**

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

---

GREGORY B. MYERS,

*Appellant*,

v.

ROGER SCHLOSSBERG, *et al.*,

*Appellees*.

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY
SEP 14 2026
Night Drop Box
FILED ENTERED
LOGGED SLS RECEIVED

---

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

---

**APPELLANT GREGORY B. MYERS'S REPLY BRIEF**

---

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

September 14, 2026

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1
ARGUMENT .............................................................................................................. 4
I. THE MAY 20 PROTECTIVE MOTION WAS TIMELY UNDER RULE 8002(d)(1)(B). ........................................................................................................ 4
II. APPELLEES' PIONEER ANALYSIS CANNOT SUBSTITUTE FOR THE DISCRETIONARY DETERMINATION THE BANKRUPTCY COURT NEVER MADE. ........................................................................................................ 5
III. BNC CERTIFICATES ESTABLISH MAILING, NOT ACTUAL RECEIPT, AND DO NOT MAKE AFFIRMANCE UNDER PIONEER INEVITABLE. ........................................................................................................ 6
IV. THE AUGUST 5 RULE 41 DISMISSAL INDEPENDENTLY DEFEATS APPELLEES' "HOUSEKEEPING" THEORY. ..................................... 8
V. THE RULE 9024/RULE 60(b)(4) AND RULE 8008 REQUESTS CONCERNING THE APRIL 15 ORDERS REMAIN DISTINCT. ...................... 10
VI. THIS COURT MAY RESOLVE THE INDEPENDENT RULE 8002(d) ERROR BUT MAY NOT CONCURRENTLY DECIDE THE SAME FINALITY AND APPELLATE-JURISDICTION QUESTIONS NOW BEFORE THE FOURTH CIRCUIT. ........................................................................................ 11
VII. REVERSAL AND REMAND PROVIDE COMPLETE RELIEF WITHOUT ENCROACHING UPON THE OTHER PENDING APPEALS. ....... 14
CONCLUSION .......................................................................................................... 15
CERTIFICATE OF COMPLIANCE ........................................................................ 17
CERTIFICATE OF SERVICE .................................................................................. 18

# TABLE OF AUTHORITIES

**Cases**

Allen v. Stein, No. 24-1954 (4th Cir. Jan. 23, 2026) .......................................... 6, 8
City of Martinsville v. Express Scripts, Inc., 128 F.4th 265, 272 (4th Cir. 2025) .12
Doe v. Public Citizen, 749 F.3d 246 (4th Cir. 2014) ............................................ 12
FTC v. Lin, 66 F.4th 164 (4th Cir. 2023)........................................................... 12
Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).............12-13, 16
Humphrey v. Humphrey, 434 F.3d 243 (4th Cir. 2006) ................................... 5, 14
In re Matthews, 395 F.3d 477 (4th Cir. 2005)......................................................... 8
Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544 (4th Cir. 1993). 8
Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). 1-2, 5-7, 14-15
Wendt v. Leonard, 431 F.3d 410 (4th Cir. 2005)................................................. 10

**Statutes**

28 U.S.C. § 158 ............................................................................................ 3, 13

**Rules**

Fed. R. Bankr. P. 8002 ............................................................ 1-4, 7, 10-11, 13-15
Fed. R. Bankr. P. 8008 ................................................................ 10-11, 13-14, 16
Fed. R. Bankr. P. 8018 ........................................................................................ 1
Fed. R. Bankr. P. 9006 ..................................................................................... 1, 6
Fed. R. Bankr. P. 9024 ................................................................ 10-11, 13-14, 16
Fed. R. Civ. P. 41 ..................................................................................3, 8, 12, 16
Fed. R. Civ. P. 60(b)(4)................................................................ 10-11, 13-14, 16

Appellant Gregory B. Myers, pro se, respectfully submits this Reply Brief in response to Appellees' August 26, 2026 Response Brief, ECF No. 14.[1]

**INTRODUCTION**

Appellees do not defend the ruling the Bankruptcy Court actually made.

The Bankruptcy Court denied Myers's May 20, 2026 Protective Motion because it was filed "35 days after entry" of the April 15 orders and therefore, according to the Bankruptcy Court, was untimely. Appx. 0090. But Bankruptcy Rule 8002(d)(1)(B) expressly permits an extension motion to be filed within 21 days after expiration of the initial 14-day appeal period upon a showing of excusable neglect. The fourteenth day after April 15 was April 29. Twenty-one days after April 29 was May 20. Myers filed on May 20. Appx. 0033-0066.

Thirty-five days was not too late. It was Rule 8002(d)(1)(B)'s outer deadline.

Appellees effectively concede the calculation. Their Response correctly states that an extension may be requested, upon a showing of excusable neglect, "within 21 days after the initial period has expired," and then quotes Rule 8002(d)(1)(B)'s 21-day provision. ECF No. 14 at 7-8.

---

[1] Appellees filed their Response Brief on August 26, 2026 and certified service upon Myers that same day by First-Class Mail. ECF No. 14 at 17. Under Fed. R. Bankr. P. 8018(a)(3), Myers had 14 days after service to file his Reply. Service by mail is complete upon mailing. Fed. R. Bankr. P. 9006(e). Excluding August 26, the 14-day period expired September 9, 2026. Because service was by mail, Rule 9006(f) added three days, extending the period to September 12, 2026. September 12 was a Saturday; under Rule 9006(a)(1)(C), the deadline therefore continued to Monday, September 14, 2026. This Reply is timely.

Appellees instead ask this Court to affirm based on an analysis the Bankruptcy Court never performed. They devote pages to Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), arguing that Myers failed to establish excusable neglect. ECF No. 14 at 7-11. But the Bankruptcy Court did not hold that Myers filed a timely Rule 8002(d)(1)(B) motion and then failed the Pioneer test. It held the motion untimely. Appx. 0090.

That distinction matters. Pioneer requires an equitable assessment of all relevant circumstances. The Bankruptcy Court did not weigh prejudice, length and impact of delay, reason for delay, reasonable control, good faith, Myers's declaration, or his prompt action after discovering the orders. Appellees cannot convert appellate review into a first-instance exercise of discretion.

Their mailing argument does not change that result. Indeed, Appellees themselves acknowledge that the Bankruptcy Court docket shows "the at-issue orders being mailed to Mr. Myers and then returned." ECF No. 14 at 10. A BNC certificate may establish mailing. It does not perform the Pioneer analysis.

The remainder of this appeal can likewise be resolved without duplicating other pending proceedings. Myers's later Rule 60 challenge to the July 3 Settlement Order is separately before this Court in Civil Action No. 8:26-cv-02866-TDC. His separate Rule 60 challenge to the July 3 main-case Claim-Objection Order is

pending in Civil Action No. 8:26-cv-02865-TDC. The present appeal concerns the May 26 Order and the six April 15 orders.

One independent procedural fact nevertheless bears directly on Appellees' contention that those April 15 orders were merely "housekeeping": on August 5, 2025, the King Parties and Trustee filed their Rule 41(a)(1)(A)(ii) stipulated dismissal with prejudice. Appx. 0651-0652. That dismissal terminated the adversary proceeding more than eight months before the April 15, 2026 orders.

Myers does not argue here that the August 5 dismissal automatically vacated the July 3 Settlement Order or every prior interlocutory ruling. His point is narrower: after August 5 there was no pending adversary action in which intervention, Rule 19, disqualification, counsel disqualification, and summary judgment could sensibly be characterized as ordinary "housekeeping."

Finally, Myers's pending Fourth Circuit appeals now squarely present whether the July 3 Settlement Order was final and whether Myers's July 17, 2025 notice validly invoked this Court's jurisdiction under 28 U.S.C. § 158(a)(1). Myers does not ask this Court to decide that question again here.

This Court may resolve issues independent of the pending appeal, including the Rule 8002(d) error, but it may not concurrently decide the same finality and appellate-jurisdiction questions now before the Fourth Circuit.

The May 26 Order should be reversed and the matter remanded under the correct legal standards.

## ARGUMENT

### I. THE MAY 20 PROTECTIVE MOTION WAS TIMELY UNDER RULE 8002(d)(1)(B).

The threshold issue is straightforward.

The six challenged orders were entered April 15, 2026. Appx. 0021-0032. Under Rule 8002(a)(1), the ordinary 14-day appeal period expired April 29, 2026. Rule 8002(d)(1)(B) then permitted an extension motion to be filed during the following 21 days upon a showing of excusable neglect. Twenty-one days after April 29 was May 20. Myers filed the Protective Motion on May 20. Appx. 0033-0066.

The motion therefore was timely under Rule 8002(d)(1)(B).

The Bankruptcy Court nevertheless reasoned that because Myers filed "35 days after entry of the subject orders," the motion was untimely. Appx. 0090. That reasoning treats the precise 14-plus-21-day period authorized by Rule 8002(d)(1)(B) as though the Rule prohibited it.

Appellees identify no different calculation. Instead, they themselves quote authority recognizing that an extension may be sought "within 21 days after the initial period has expired" upon excusable neglect. ECF No. 14 at 7.

Timeliness and excusable neglect are separate questions. Myers timely invoked Rule 8002(d)(1)(B). The Bankruptcy Court then had to decide whether excusable neglect existed.

It did not do so.

The May 26 Order should be reversed on that ground alone.

## II. APPELLEES' PIONEER ANALYSIS CANNOT SUBSTITUTE FOR THE DISCRETIONARY DETERMINATION THE BANKRUPTCY COURT NEVER MADE.

Pioneer makes excusable neglect "at bottom an equitable" determination requiring consideration of all relevant circumstances, including prejudice, length and impact of delay, reason for delay and whether it was within the movant's reasonable control, and good faith. 507 U.S. at 395.

The May 26 Order contains no such analysis. Appx. 0090-0105.

The Bankruptcy Court did not assess prejudice. It did not address the short period between Myers's asserted discovery of the April 15 orders on May 13 and his filing seven days later. It did not analyze impact upon the proceedings. It made no finding concerning good faith. It did not weigh Myers's declaration against the mailing evidence. Instead, it concluded that 35 days made the motion untimely.

Appellees now perform the missing analysis themselves. ECF No. 14 at 7-11. They emphasize the reason for delay, argue that Myers should have monitored the docket, and assert that he failed to maintain an appropriate mailing address. Id.

But those are arguments for the Bankruptcy Court to weigh under Pioneer in the first instance, not factual findings the Bankruptcy Court actually made.

The Fourth Circuit generally remands when the trial court used the wrong legal standard. Humphrey v. Humphrey, 434 F.3d 243, 248 (4th Cir. 2006). An appellate court may bypass remand only where the evidence would "inevitably produce the same outcome under the correct standard." Id. The Fourth Circuit reiterated that principle this year. Allen v. Stein, No. 24-1954, slip op. at 27 (4th Cir. Jan. 23, 2026).

There is no inevitable outcome here. The Bankruptcy Court never weighed the Pioneer factors, and the record does not permit a reviewing court to pretend that it did.

Appellees' Pioneer argument therefore establishes the need for remand rather than a basis for affirmance.

## III. BNC CERTIFICATES ESTABLISH MAILING, NOT ACTUAL RECEIPT, AND DO NOT MAKE AFFIRMANCE UNDER PIONEER INEVITABLE.

The Bankruptcy Court relied upon BNC Certificates of Mailing showing service to Myers's address of record. Appx. 0067-0089; Appx. 0090.

Myers does not dispute the procedural rule that service by mail is complete upon mailing. Fed. R. Bankr. P. 9006(e). But completion of service and actual

receipt are different questions, particularly when the issue is the equitable reason for a missed appeal deadline.

Appellees' own Response makes the distinction unavoidable. They state: "The Bankruptcy Court docket also shows the at-issue orders being mailed to Mr. Myers and then returned." ECF No. 14 at 10.

Thus, Appellees rely upon the mailing certificates while simultaneously acknowledging that the mailings were returned.

Appellees further contend that any nonreceipt was Myers's fault because he supposedly failed to update his address and monitor the docket. Id. at 9-11. But the May 26 Order made no finding that Myers had changed his residence, deliberately failed to update an address, failed to monitor the docket, or acted in bad faith. It simply cited the certificates of mailing and declared the motion untimely.

Appellees therefore ask this Court not only to conduct Pioneer in the first instance, but also to make factual and equitable findings the Bankruptcy Court never made.

That is particularly inappropriate where Myers's declaration stated that he discovered the April 15 orders on or about May 13 and promptly filed the Protective Motion seven days later. Appx. 0065. Whatever weight those facts ultimately receive, they belong in the required equitable analysis.

Mailing evidence may inform Pioneer. It does not erase Rule 8002(d)(1)(B)'s filing window, establish actual receipt, or make an adverse excusable-neglect determination inevitable.

Remand is required.

## IV. THE AUGUST 5 RULE 41 DISMISSAL INDEPENDENTLY DEFEATS APPELLEES' "HOUSEKEEPING" THEORY.

Appellees characterize the April 15 orders as the Bankruptcy Court merely "tending to housekeeping matters." ECF No. 14 at 14.

They never address the August 5, 2025 stipulated dismissal.

The July 3 Settlement Order did not dismiss Adv. Proc. No. 24-00007. The later terminating event occurred on August 5, when the King Parties and Trustee filed a stipulated dismissal of the adversary with prejudice pursuant to Rule 41(a)(1)(A)(ii). Appx. 0651-0652.

The Fourth Circuit has now confirmed the consequence of that procedure. A stipulated dismissal under Rule 41(a)(1)(A)(ii) "does not require court order to become effective," and a voluntary dismissal by stipulation is effective upon filing without judicial approval. Allen, No. 24-1954, slip op. at 26-27. When no live claims remained, the Fourth Circuit held that "this lawsuit had terminated." Id. at 27. See also Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546-48 (4th Cir. 1993); In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005).

The same narrow proposition matters here. Whatever continuing substantive or appellate effect the July 3 Settlement Order may possess, the adversary proceeding itself was terminated on August 5.

Nevertheless, more than eight months later, the Bankruptcy Court entered orders deciding intervention, failure to join indispensable parties, judicial disqualification, counsel disqualification, and summary judgment. Appx. 0021-0032.

Those were not ministerial docket entries. They decided who could participate, whether required parties were absent, whether the presiding judge and counsel could continue, and whether dispositive relief could be obtained.

Several of those motions also predated July 3. Myers filed the intervention motion and Rule 19 motion before entry of the Settlement Order. Appx. 0126-0139; Appx. 0149-0212. At the June 30 hearing, the Bankruptcy Court expressly acknowledged them but stated that it would not consider them "today." Appx. 0779-0788.

Appellees' own footnote compounds the problem. They state that because the adversary was compromised, "there was no adjudication on the merits," and that the intervention, dismissal, and summary-judgment motions were directed to a case that would proceed only if it had not been compromised. ECF No. 14 at 14 n.3.

If the adversary was not proceeding on its merits-and then was formally dismissed with prejudice on August 5-Appellees do not explain why substantive adjudications entered the following April constituted necessary "housekeeping."

Myers does not contend in this Reply that August 5 automatically vacated the July 3 Settlement Order or every earlier interlocutory order. The point is the one already preserved in his Opening Brief: the August 5 dismissal created an independent question concerning the Bankruptcy Court's authority to enter substantive orders in the dismissed adversary months later. ECF No. 11 at 22.

The May 26 Order did not address that question.

## V. THE RULE 9024/RULE 60(b)(4) AND RULE 8008 REQUESTS CONCERNING THE APRIL 15 ORDERS REMAIN DISTINCT.

The May 20 Protective Motion requested three alternative forms of relief: (1) a protective extension under Rule 8002(d); (2) relief from the April 15 orders under Bankruptcy Rule 9024 and Civil Rule 60(b)(4); and (3) if the Bankruptcy Court concluded that a pending appeal prevented immediate relief, an indicative ruling under Rule 8008. Appx. 0033-0066.

The Rule 9024/Rule 60(b)(4) request was not an untimely appeal by another name. A voidness motion challenges whether the issuing court possessed the authority necessary to enter the challenged order. See Wendt v. Leonard, 431 F.3d 410, 412-13 (4th Cir. 2005).

Nor did Rule 8008 disappear merely because the Bankruptcy Court declared that it possessed jurisdiction under the functional test. Rule 8008 was requested precisely as an alternative procedure if appellate jurisdiction limited the Bankruptcy Court's ability to grant relief outright.

The May 26 Order did not separately analyze those requests. Appx. 0090-0105.

For clarity, the Rule 9024/Rule 60(b)(4) relief at issue here concerns the April 15 orders. Myers's later Rule 60 challenge to the July 3 Settlement Order is separately pending in Civil Action No. 8:26-cv-02866-TDC. His separate Rule 60 challenge to the July 3 Claim-Objection Order is pending in Civil Action No. 8:26-cv-02865-TDC. Nothing in this Reply seeks adjudication of, narrows, abandons, or waives the distinct issues presented in those appeals.

The May 26 Order's treatment of the April 15 Rule 9024 and Rule 8008 requests should therefore be vacated and remanded for consideration under the governing rules.

**VI. THIS COURT MAY RESOLVE THE INDEPENDENT RULE 8002(d) ERROR BUT MAY NOT CONCURRENTLY DECIDE THE SAME FINALITY AND APPELLATE-JURISDICTION QUESTIONS NOW BEFORE THE FOURTH CIRCUIT.**

Myers's Opening Brief expressly recognized that this Court "need not decide the full Fourth Circuit finality issue in this appeal" and requested abeyance if the

overlapping issues could not be resolved without intruding upon matters before the Fourth Circuit. ECF No. 11 at 24-25.

That remains Myers's position.

The consolidated Fourth Circuit appeals, Nos. 26-1894(L), 26-1899, and 26-1901, now present whether the July 3 Settlement Order was final and whether Myers's July 17 notice validly invoked this Court's appellate jurisdiction under § 158(a)(1). Myers's position there is that July 3 did not adjudicate or dismiss the sole adversary claim, that August 5 supplied the terminating Rule 41 act, and that the later dismissal could not retroactively cure the jurisdictional defect in the July 17 appeal.

That antecedent question is now for the Fourth Circuit.

Griggs holds that an appeal divests the lower court of control over the aspects of the case involved in the appeal. 459 U.S. 56, 58 (1982). The Fourth Circuit applies that principle to prevent simultaneous adjudication of the same appellate issue. See Doe v. Public Citizen, 749 F.3d 246, 258-59 (4th Cir. 2014); FTC v. Lin, 66 F.4th 164 (4th Cir. 2023).

Most recently, *City of Martinsville* explained that *Griggs* is a general allocation-of-power principle: “Two courts at once is one court too many.” 128 F.4th 265, 272 (4th Cir. 2025).

The rule is issue-specific. It does not prevent this Court from resolving genuinely independent questions in this separate appeal.

Accordingly:

This Court may resolve issues independent of the pending appeal, including the Rule 8002(d) error, but it may not concurrently decide the same finality and appellate-jurisdiction questions now before the Fourth Circuit.

Myers therefore does not ask this Court here to determine whether July 3 was final or whether the July 17 notice validly invoked § 158(a)(1).

Nor does he abandon the alternative consequences already preserved in his Opening Brief.

If the Fourth Circuit determines that appellate jurisdiction over the relevant adversary dispute attached before April 15, Myers preserves his Griggs, Rule 9024/Rule 60(b)(4), Rule 8008, functional-test, and preclusive-effect arguments concerning the April 15 orders.

If the Fourth Circuit determines that appellate jurisdiction had not attached before April 15, that Griggs branch will not supply the basis for relief. The independent August 5 problem remains: the adversary itself had been dismissed with prejudice more than eight months before the April 15 orders.

Myers is not required to predict which jurisdictional predicate the Fourth Circuit will adopt. He preserves the legal consequences of either determination now.

Nothing in this Reply withdraws, abandons, narrows, or waives any issue, argument, objection, or requested relief presented in Myers's Opening Brief or presently pending before the Fourth Circuit.

**VII. REVERSAL AND REMAND PROVIDE COMPLETE RELIEF WITHOUT ENCROACHING UPON THE OTHER PENDING APPEALS.**

This Court need not decide the difficult overlapping issues to dispose of this appeal correctly.

First, it can hold as a matter of law that the May 20 Rule 8002(d)(1)(B) motion was timely.

Second, it can reverse or vacate the May 26 Order because the Bankruptcy Court applied the wrong legal premise and never conducted the required Pioneer analysis.

Third, it can remand for application of Pioneer in the first instance. Under Humphrey, appellate substitution for the missing analysis would be appropriate only if the evidence inevitably compelled the same result. 434 F.3d at 248. Appellees' own acknowledgment of returned mail, Myers's declaration of May 13 discovery, and his filing seven days later preclude any conclusion that only one equitable result is possible.

Fourth, the Court can require separate consideration of the Rule 9024/Rule 60(b)(4) and Rule 8008 requests insofar as they concern the April 15 orders.

Fifth, it can require consideration of the August 5 termination of the adversary without deciding whether July 3 was final when Myers noticed his July 17 appeal.

Finally, any remaining issue whose resolution depends upon the finality or appellate-jurisdiction question presently before the Fourth Circuit can be held in abeyance until issuance of the Fourth Circuit's mandate.

That disposition corrects the legal error actually presented here while respecting the separate jurisdiction of the Fourth Circuit and avoiding duplication of Civil Action Nos. 26-2865 and 26-2866.

## CONCLUSION

For the foregoing reasons, Appellant Gregory B. Myers respectfully requests that this Court:

1. REVERSE or VACATE the Bankruptcy Court's May 26, 2026 Order, Adv. Dkt. No. 131;

2. HOLD that Myers's May 20, 2026 motion under Bankruptcy Rule 8002(d)(1)(B) was timely because it was filed within the 21-day period following expiration of the initial 14-day appeal period;

3. REMAND for application of the equitable excusable-neglect standard required by Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993);

4. VACATE the May 26 Order's disposition of Myers's separate Bankruptcy Rule 9024/Civil Rule 60(b)(4) and Bankruptcy Rule 8008 requests insofar as those requests concern the April 15, 2026 orders, and direct separate consideration under the governing rules;

5. HOLD that the August 5, 2025 Rule 41(a)(1)(A)(ii) stipulated dismissal terminated Adv. Proc. No. 24-00007 and require consideration of the effect of that termination upon the Bankruptcy Court's authority to enter the substantive April 15, 2026 orders, without holding that the August 5 dismissal retroactively rendered the July 3 Settlement Order final for purposes of the July 17 appeal;

6. To the extent the validity, operative effect, or preclusive effect of the April 15 orders depends upon whether appellate jurisdiction had transferred before their entry, PRESERVE Myers's alternative Griggs and Rule 60(b)(4) arguments without concurrently adjudicating the finality and appellate-jurisdiction questions now before the Fourth Circuit; and

7. Alternatively, HOLD any such overlapping issues in abeyance until issuance of the Fourth Circuit's mandate in Nos. 26-1894(L), 26-1899, and 26-1901.

Nothing in this Reply seeks adjudication of or waives the distinct Rule 60 issues separately pending in Civil Action Nos. 8:26-cv-02865-TDC and 8:26-cv-02866-TDC.

Dated: September 14, 2026

Respectfully submitted,

Gregory B. Myers, pro se

Mailing and service address for notice purposes only:
4505 Wetherill Road
Bethesda, Maryland 20816

Florida primary residence, domicile, and homestead:
700 Gulf Shore Boulevard North
Naples, Florida 34102
Telephone: (301) 325-2312
Email: *gregbmyers@verizon.net*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Bankruptcy Procedure 8015(a) and 8015(h), I certify that this Reply Brief contains 3,223 words, excluding the parts exempted by Rule 8015(g). The brief has been prepared in 14-point Times New Roman, a proportionally spaced typeface.

Gregory B. Myers, pro se

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of September, 2026, I filed the foregoing APPELLANT GREGORY B. MYERS'S REPLY BRIEF with the Clerk of the United States District Court for the District of Maryland and served a true and correct copy by First-Class United States Mail, postage prepaid, upon:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
*Counsel for the King Parties*

Frank J. Mastro, Esq.
Schlossberg Mastro
P.O. Box 2067
Hagerstown, Maryland 21742
*Counsel for Roger Schlossberg, Chapter 7 Trustee*

Gregory B. Myers, pro se